## Frederick Severin

*v.*

## The People of the State of Illinois.

1. Jurisdiction of a justice — *how affected by the form of the complaint.* A justice of the peace has jurisdiction in a prosecution for an assault and battery; and this jurisdiction will not be at all affected by the fact that the complaint, upon which the warrant for the arrest of the party accused was issued, charged him with an assault with a deadly weapon, because in that charge an assault and battery is included.

2. Former conviction — *of the lesser offence which was included in the greater.* An assault with a deadly weapon may embrace an assault and battery, yet a conviction of the latter, growing out of the same transaction, cannot be pleaded in bar of a prosecution for the former.

WRIT OF ERROR to the County Court of De Kalb county; the Hon. EDWARD L. MAYO, Judge, presiding.

The facts of this case are fully presented in the opinion of the court. The question arising upon the assignment of errors is, whether the jurisdiction of a justice of the peace over the offence of an assault and battery is affected by the fact that the complaint upon which the warrant for the arrest of the accused was issued, charged him with having committed an assault with a deadly weapon.

Mr. R. L. DIVINE for the plaintiff in error:

The question which it is desired to have determined is one of jurisdiction.

The original complaint, on oath, made in writing before the justice, charges in the language of the statute, (Scates' Comp., p. 381, sec. 52,) an assault with a deadly weapon, an indictable offence, punishable by fine of not less than $25, nor more than $1,000, or by imprisonment in the county jail for a period not exceeding one year, or both. Laws of 1859, p. 153.

The justice had no jurisdiction to try and render final judgment in case of the offence charged. Const., article 13, sec. 10 ; *Ex parte Bollig*, 31 Ill., 95.

Assault and battery, which is defined as the " unlawful striking or beating of another," (3 Black. Com., 120,) is not charged.

The statute provides (Scates' Comp., p. 690,) that "in all cases of assault, assault and battery, and frays, any justice of the peace may, upon his own knowledge, or upon the oath of any competent person, issue his warrant to any constable of his county for the arrest of every person charged *with either of said offences*," etc.

Under this statute, there are two modes, and no more, by which a justice of the peace may acquire jurisdiction of a case of assault and battery. *First,* When the offence is

committed of his "own knowledge," or in his view. *Second,* Upon the oath of a competent person, charging that "said offence" has been committed.

There is no pretence in this case that the justice of the peace had personal knowledge of the commission of any offence whatever.

Justices of the peace, like all other courts of inferior jurisdiction, take nothing by implication, but are strictly confined to the powers given by statute. Their right to adjudicate and determine a cause must affirmatively appear. Sedgwick on Stat. and Const. Law, 347; *The People* v. *Koeber,* 7 Hill, (N. Y.,) 41; *Straughan* v. *Inge,* 5 Ind., 157; *Wakefield* v. *The State,* Ib., 195; *Commonwealth* v. *Messenger,* 4 Mass., 462; 2 Phil. Evid., 4 Am. ed., 137; *Wilson* v. *The State,* 16 Texas, 246; *Flack* v. *Harrington,* Breese, new edition, 213; *Wells* v. *Mason et al.,* 4 Scam., 84.

In *Powers* v. *The People,* 4 Johns., 292, a conviction for petit larceny before a justice of the peace was reversed because it did not affirmatively appear that the property stolen was worth *less* than $12.50, and the case therefore within the jurisdiction of the magistrate.

This court has held in numerous cases, that if a warrant, attachment, capias or *ca sa* issue upon an insufficient or improper affidavit, the writ is void, and parties engaged in its execution, (with the exception, perhaps, of ministerial officers acting under process regular upon its face,) are trespassers. *Moore* v. *Watts et al.,* Breese, new ed., 42; *Hull* v. *Blaisdell,* 1 Scam., 334; *Gorton* v. *Fizzell,* 20 Ill., 295; *Exparte Smith,* 16 Ill., 347.

Neither assault, assault and battery, nor fray is charged in this complaint, but an entirely distinct offence, which the circuit court alone had jurisdiction to try. Nor, under the statute, is assault and battery included in the greater offence of assault with a deadly weapon. *Carpenter* v. *The People,* 4 Scam., 198. Exclusive original jurisdiction is given, of the one class of cases, to the circuit or other court of record, of the other to justices of the peace. In this case the justice

was without *jurisdiction of the process* issued by him, and his acts are void. See 2 Phil. Evid., 4th Am. ed., 146–7, and cases there cited.

A written complaint having in this case been resorted to, although not perhaps absolutely required by the statute, must now determine the question of jurisdiction.

" It is laid down by several writers that it is the duty of the magistrate, independent of any statutory provision, to take all charges, of whatsoever kind or complexion they may be, in writing." * * * " When the complaint is required by statute to be in writing, that form must be observed ; and this is usually directed when power is given to apprehend the offender in the first instance. But as before observed, unless it is so directed expressly, it is not necessary that complaint should be in writing. But if a complaint in writing is resorted to, *being the substratum of the magistrate's jurisdiction,* and in the nature of an indictment, it should contain a complete statement of the offence; for the evidence given upon the trial can only support the original charge but can by no means extend or supply what is wanting in the complaint." Archbold's Crim. Practice and Pleadings, 6th Am. ed., vol. 1, page 31, Am. note. See to same effect Barbour's Crim. Law, 2d ed., p. 519–20.

" The adjudication of the justices is in general confined within the limits of the information or complaint. The justices had no jurisdiction to convict summarily of an assault, when, as in the present case, it is clear the complainant did not call upon them to exercise that jurisdiction." Paley on Convictions, 4th ed., p. 55–6.

In *Conway* v. *The State,* 4 Ind., 94, the defendant was indicted for suffering his *mare* to be run in a horse race, and offered to adduce in evidence at the trial a justice's docket showing that he had been complained of before the justice and fined by him for suffering his *horse* to be run in a horse race, and to prove by parol that it was a *mare* and not a *horse,* for the suffering of which to be run, he had been fined by the justice. *Held* that the evidence was properly rejected.

27

The court say, " The description in an affidavit for the prose-
cution of such an offence, before a justice of the peace, of the
kind of animal suffered to be run, is as binding on the prose-
cutor and as material as is that in an indictment, and would
necessarily have to be sustained by proof."

" It may be further observed, in addition to what has been
already said as to the statement of the offence, that the com-
plaint should contain an exact description or statement
thereof, in order that the magistrate may be aware of its
precise nature, and in order to show upon the face of it *that
the magistrate has jurisdiction*, it should appear from such de-
scription or statement, that the offence *as charged* is within
both the *letter* and *spirit* of the statute under which it is made.
And this statement is also required as an act of justice
towards the defendant, who has a right to know the exact
nature of the charge he has to answer." Barbour's Crim.
Law, 2d ed., p. 619–20.

In *Commonwealth* v. *Messenger*, 4 Mass., 462, the court say
"the remedy pursued in this case" [a complaint for Sabbath
breaking] "is a summary proceeding before a justice in
which the court will see that the *fact charged is strictly within
the statute* and that the proceedings are conformable to it."

In *Commonwealth* v. *Gray*, 5 Pick., 44, a conviction before
a magistrate for a violation of one of the by-laws of Boston
was reversed, because the complaint did not conclude with
the formal words " contrary to the form of the statute."

The want of a proper and sufficient affidavit, in a case of
the kind at bar, renders the whole proceeding a nullity, and
the defect cannot be cured even by consent or agreement of
parties. *Wilson* v. *The State*, 16 Texas, 246; *Bargis* v. *The
State*, 4 Ind., 126.

In the last cited case, it was held under a statute authoriz-
ing justices of the peace to take cognizance of certain offences
" on complaint under oath, or on view," that the magistrate
was not authorized to convict upon the confession of the of-
fender, and that his judgment under such circumstances was
a nullity. The mode in which the magistrate under that

statute took cognizance of the offence contemplated, was the same in which, under our statute, a justice of the peace may take cognizance of a case of assault and battery, and if even the confession of the guilty party is ineffectual to dispense with a complaint on oath of the commission of the offence which the magistrate was authorized to try, then a complaint of an offence clearly without and beyond the jurisdiction of a justice of the peace would be equally so.   If not, then upon complaint of murder, burglary or any other felony or misdemeanor made to a magistrate, he would have the right to proceed to trial, and pronounce a final judgment.

The complaint made in this case would have authorized the justice as a court of inquiry, under section 203 of the Criminal Code to "enquire into the truth or probability of the charge exhibited" and to have committed, admitted to bail, or discharged, the defendant, but gave no authority to try him and pronounce final judgment, either for assault and battery or assault with a deadly weapon.

The recitals in the warrant issued in this case, and in the justice's transcripts, that complaint had been made on oath of assault and battery, etc., are unavailing as against the primary evidence on this point afforded by the complaint itself.   Whether such complaint as would authorize the justice to hear and pronounce judgment in the case had been made or not, is a jurisdictional fact, and "no court or officer can acquire jurisdiction by the mere assertion of it, or by falsely alleging the existence of facts on which jurisdiction depends."    *The People* v. *Cassels*, 5 Hill, 169.   In the case referred to it was held that a party committed for contempt of court, might show by parol proof that the recitals in the warrant of commitment were untrue in fact, and the process of commitment unauthorized.   In *Pardon* v. *Dwire et al.*, 23 Ill., 574, this court held that a recital in a justice's transcript, that a summons had been "returned duly served by reading to the defendant" might be overcome by the evidence afforded by the return itself on the summons, which did not show proper service, and the judgment of the justice was for

that reason held void. In *Durham* v. *Brown*, 24 Ill., 94, this court held, that the recital in the record that a power of attorney had been duly proved was not evidence of that fact. See on this point also *Welch* v. *Nash*, 8 East, 403, in which LAWRENCE, J., says: "The justices cannot give themselves jurisdiction in a particular case, by finding that as a fact, which is not the fact."

Moreover, the return of the justice of the peace, to the writ of *certiorari* shows that "*the complaint*" on which the warrant issued, and the one set out in the record, was transmitted by him to the county court, and that it is a complaint for an assault with a deadly weapon, and not for assault and battery.

It is especially true in respect to recitals of facts upon which jurisdiction depends, that they have no conclusive effect, but are open to contradiction by extrinsic proof. 2d Phil. Evid., 4th ed., 165 and note 1; *The People* v. *Cassels*, 5 Hill, 169.

This is the doctrine announced in this State, even in respect to courts not of inferior jurisdiction. *Goudy et al.* v. *Hall*, 30 Ill., 109.

That the recitals in question, viz.: "that complaint had been made that assault and battery had been committed," etc., are not in fact true, is shown by the highest and most satisfactory evidence, the complaint itself.

The proceedings in this case are void for want of jurisdiction. But it is not for jurisdictional defects alone that the court has power to reverse the judgment. Proceedings of this kind "are most broadly assailable on *certiorari* or other proceedings in the nature of a writ of error or appeal." "In such cases they are to show through the whole range of the suit or proceeding, a strict conformity to the powers of the court."

"These inferior jurisdictions not proceeding according to the course of common law are confined strictly to the authority given. They can take nothing by implication." 2d Phil. Evid., 4th Am. ed., 137.

For the reason then that in this case no offence is charged in the complaint over which the justice had jurisdiction, but on the other hand it *affirmatively appears* that one is charged, in precise and accurate language over which he has *no jurisdiction*, the warrant issued by him was unauthorized and the proceedings consequent thereon were not only irregular but *coram non judice*. The plaintiff in error prays a reversal of the judgment of the county court and that the proceeding may be quashed.

Mr. CHARLES BLANCHARD, State's attorney, for the people:

The complaint shows the commission of an assault and battery, certainly. *Adams* v. *Governor*, 22 Geo., 417. It was for that offence the warrant was issued. It matters not what is contained in the complaint, so that it is sufficient to advise the justice that an offence has been committed, of which he has jurisdiction. *Miller* v. *Brinckerhoff*, 4 Denio, 118; *Staples* v. *Fairchild*, 3 Comst., 41; *Skinner* v. *Kelley*, 18 N. Y. (4 Smith,) 355.

Mr. JUSTICE BREESE delivered the opinion of the court:

This was a proceeding before a justice of the peace against the plaintiff in error, on the following complaint, on oath : "The complaint and information of Richard Long, of said county, made before Tyler K. Waite, Esq., one of the justices of the peace in and for said county, on the 2d day of August, 1864, who being duly sworn, on his oath says, that on the 2d day of August, 1864, at DeKalb county aforesaid, Frederick Severin, with an abandoned heart and without provocation, did feloniously, with a deadly weapon, to wit, a large slab or stick of wood, make an assault on the said Richard Long, with intent, upon the person of said Long, to inflict a bodily injury, and did then and there strike said Long with said club, wounding him. Sworn to, etc.

On this complaint, a warrant issued for an assault and battery, on which the defendant was arrested, and being

brought before Justice Waite, he obtained a change before Justice Mayo. A jury was empanneled, and they rendered a verdict of guilty, and assessed the fine at eighteen dollars, on which the justice gave judgment.

These proceedings were brought to the county court by *certiorari*, where a motion to reverse the judgment of Justice Mayo was overruled, and a *procedendo* awarded to him to proceed on the judgment so rendered by him.

From this judgment, this writ of error is prosecuted, and the only question is, as to the jurisdiction of the justice on the complaint made to him.

It is insisted by the plaintiff in error the justice had no jurisdiction, for the reason that under section 52 of the Criminal Code, Scates' Comp., 381, the crime charged was an indictable offence, and not cognizable by a justice of the peace. He has argued this point with great force and ability, but he seems to have placed out of his view the fact, that the warrant issued by the justice of the peace was a warrant in a case of assault and battery only, of which the justice had unquestionable jurisdiction. It is immaterial in what terms the prosecutor thought proper to state his complaint. If in the complaint an assault and battery was included, as it clearly was, of that the justice had jurisdiction, and issued his warrant in conformity therewith. If an indictable offence has really been committed, we apprehend this conviction for a simple assault and battery cannot be pleaded in bar of a prosecution for such offence.

In the case of *Freeland* v. *The People*, 16 Ill., 380, this court held that it was no bar to a prosecution for a riot, that one of the accused had been tried and convicted, and fined for an assault and battery arising out of the same transaction or offence and occurring at the same time. A riot may embrace an assault and battery, yet a conviction of the latter cannot be pleaded in bar of a prosecution for the former. So here this conviction of an assault and battery will be no bar

to a prosecution for an assault with a deadly weapon under the fifty-second section of the Criminal Code.

There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*