## ORRIN P. GILPIN

*vs.*

## STATE OF MARYLAND.

*Former Jeopardy—Identity of Offenses—Conspiracy to Rob—Misdemeanor—Merger in Felony.*

One cannot be subjected to a second trial for the same offense, whether he was, at the former trial, acquitted or convicted.

p. 466

The offenses are not the same, for the purpose of a plea of former jeopardy, when one differs in all its elements from the other, or when the evidence adequate to one does not relate to, or support, the other.  p. 467

If the lesser offense for which the accused is put in jeopardy is an element of the greater offense of which he has been acquitted or convicted, arising out of the same criminal act, the plea of former jeopardy is a bar to such subsequent prosecution.  p. 467

The offense of conspiracy to rob, charged in a later indictment, is a substantive offense distinct from, and having none of the necessary elements of, robbery, assault with intent to rob, assault and battery, or receiving stolen money, knowing it to have been stolen, charged in a previous indictment.  p. 467

Where the only felony named in a previous indictment, under which defendant was acquitted, was robbery, it cannot be claimed that the crime of conspiracy to rob, of which defendant was subsequently convicted, was, as being a misdemeanor, merged in such alleged felony, the crime of conspiracy to rob being an offense separate and distinct from that of robbery, and defendant's acts not constituting both the crime of robbery and the offense of conspiracy to rob.  p. 470

The asserted rule that there can be no conviction under an indictment for conspiracy to commit a felony, when such felony has been consummated by the party charged with the conspiracy, cannot apply in favor of one who has been acquitted of the felony.  p. 471

*Decided January 17th, 1923*

Appeal from the Criminal Court of Baltimore City (GORTER, C. J.).

Criminal proceeding against Orrin P. Gilpin and others. From a judgment of conviction, said Gilpin appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and ADKINS, JJ.

*Edward M. Hammond* and *William H. Lawrence,* with whom were *Karr, Hammond & Darnall* on the brief, for the appellant.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *Robert F. Leach, Jr., State's Attorney for Baltimore City,* on the brief, for the State.

PATTISON, J., delivered the opinion of the Court.

The appellant was tried, convicted and sentenced under an indictment, charging him and five others with conspiracy to rob one Max Stichman.

The sole question presented by this appeal is whether the court below properly sustained a demurrer to the plea of former acquittal filed by the defendant.

The plea sets forth an indictment against the appellant and three of those indicted with him in the present case, including one William Fore, charging them, in the first count, with robbing Max Stichman of seven dollars; in the second, with assoult with intent to rob; in the third, with assault and battery; and in the fourth, with receiving said money, knowing it to have been stolen.

The plea then proceeds as follows:

"That he pleaded not guilty to said indictment and was thereupon by the verdict of said court found not guilty of the matter whereof he stood thus indicted,

whereupon he was by said court duly discharged, but the said Wm. E. Fore was duly convicted under the aforesaid indictment.

"At the trial of this case on the last day of March, 1922, the defendant, with William E. Fore, James P. Harris, and John B. Riter, were indicted jointly for robbery, assault with intent to rob and assault and receiving stolen goods, the property of Max Stichman, and that the same facts charged in the second indictment sustained the first indictment, which facts and elements make up the lesser degree of crime, to wit, conspiracy, alleged in the second indictment.

"That the difference between the present indictment and the indictment in the trial of the case in March, 1922, was for the holdup of one Max Stichman and stealing seven dollars current money from the said Max Stichman, whereas in the present case the indictment is similar in all respects except in the name of the alleged offense, the same facts claimed to constitute the offense in the first indictment.

"That the holdup on February 28th, 1922, was one and the same offense, and the acquittal of the defendant, Orrin P. Gilpin, precludes a trial under the present indictment in which the only difference is substitution of the lesser crime for the greater, the same person mentioned in first indictment is same Orrin P. Gilpin charged in the present indictment, and the crime mentioned in the present indictment is the same."

That no person shall, for the same offense, be twice put in jeopardy, is both a provision of the Constitution of the United States, and an established rule of the common law, and a plea of former jeopardy is good under either. The rule forbids a second trial for the *same offense* whether the accused at the former trial was acquitted or convicted.

The rule, though a simple one, is sometimes difficult in its application. The difficulty arises in determining whether the charge against the accused is the same offense, within

the meaning of the rule, as that for which he has already been tried.

The offenses are not the same, though growing out of the same transaction, when one differs in all its elements from the other, or when the evidence adequate to one does not relate to, or support, the other. *Bishop, Criminal Law* (8th ed.), vol. 1, sec. 1051.

If the lesser offense, for which the accused is put in jeopardy, is an element of the greater offense of which he has been acquitted or convicted, arising out of the same criminal act, the plea of former jeopardy is a bar to such subsequent prosecution. For example: An assault is a necessary element in, and is essential to, the crime of assault with intent to rape. Therefore, when a man has been tried for the last named offense, and either acquitted or convicted, he may interpose the plea as a complete defense to a subsequent indictment for assault, when it is founded upon the same criminal act, but when the lesser offense is a substantive offense, not involved in, or not a necessary ingredient of the greater offense, and the evidence to support it was not essential to a conviction in the former case, the plea is not a bar to a prosecution under an indictment charging him with the commission of such lesser offense. 8 *R. C. L.* 146, sec. 131-132.

In this case the defendant and others had been tried under an indictment charging him first, with robbery; second, with intent to rob; third, with assault and battery; and fourth, with receiving stolen money, knowing it to have been stolen.

The charge against him in the second indictment, the one under which he was tried, convicted and sentenced in this case, was for conspiracy to rob, a distinct substantive offense, having none of the necessary elements of any of the offenses charged in the first indictment. *State* v. *Buchanan*, 5 H. & J. 317.

The guilt of the defendant upon any of the charges contained in the first indictment could have been established,

had the evidence been sufficient, without showing a conspiracy to rob. But under that indictment he could not have been convicted of such conspiracy, as it was not included in the former indictment. It is expressly stated in 16 *C. J.* 280: "Where a conspiracy to commit a crime is a substantive offense, as is generally the case, neither an acquittal nor a conviction of a conspiracy to commit a crime is a bar to a prosecution for the commission of that crime or for aiding and abetting another to commit it. For the same reason an acquittal or a conviction of a particular crime is no bar to a subsequent indictment for a conspiracy to commit the same."

It is said in *Bishop, Crim. Law,* vol. 1, sec. 1066: "An acquittal for larceny will not bar an indictment for a conspiracy unlawfully to obtain the same goods." In support of this statement the author cites *State* v. *Sias,* 17 N. H. 558, in which CHIEF JUSTICE PARKER, speaking for the court, said: "The offense (of conspiracy) charged in this indictment is not the same as that charged in the former, and of which the defendant has been acquitted; nor is it included in the former. The defendant could not have been convicted of a conspiracy on the former indictment. He cannot be convicted of larceny on this. The proof in the former case may have shown Lord (a co-defendant) to be guilty of larceny, and the defendant and others of a conspiracy, but the acquittal was of the larceny charged, and not of the conspiracy, which was not charged."

In further support of his contention the appellant has invoked the principle or doctrine of merger. It is said in 8 *R. C. L.* 54, sec. 4a: "At common law, there were certain differences, as regards the method of trial, between felonies and misdemeanors, out of which grew the rule that on an indictment charging one grade of crime there could be no conviction of the other grade, and that if a criminal act constituted both a felony and a misdemeanor, there could be no conviction except for the felony. This rule is expressed by the proposition that if an act constitutes two crimes of different

grades, that of the lower grade is merged in the one of the higher grade. This doctrine, as may be observed from the terms in which it is stated, applies only where the two crimes are of different grades, that is, where one is a misdemeanor and the other a felony. It has no application where both crimes are misdemeanors or both are felonies, though one may be of a much graver character than the other and punishable with much greater severity; but in such a case another principle applies, that is if the lesser felony is a necessary ingredient of the other, a conviction of one will bar a prosecution for the other by virtue of the twice in jeopardy rule. * * * The later decisions of the English courts seem not to favor the doctrine of merger and it has been disaffirmed by some of the courts in this country." In 16 *C. J.*, page 59, it is said: "The merger of one offense in another occurs when the same criminal acts constitutes both a felony and a misdemeanor. In such a case, at common law, the misdemeanor is merged in the felony, and the latter only is punishable. This doctrine applies only where the same criminal act constitutes both offenses, and where there is identity of time, place, and circumstances. Moreover the offenses must be of different grades, and the rule does not apply where both offenses are felonies or misdemeanors. In most jurisdictions the rule of merger as formerly existing at common law, has been to a great extent abrogated and confined to very narrow limits, and in England and some of the United States it has been abolished by statute."

In *Bishop, Criminal Law,* vol. 1, page 492, sec. 814, it is said: "A conspiracy to commit a felony is a step toward the consummation, but it is only misdemeanor. There are American cases which seem to hold that if parties on trial for such a conspiracy are shown to have proceeded in it to the accomplished felony, the misdemeanor is merged, and they cannot be convicted, a rule, the authorities agree, not applicable where the object of the conspiracy is a misdemeanor. This doctrine, the reader perceives, is contrary to just principle;

it has been rejected in England; and though there may be States in which it is binding on the courts, it is not to be deemed general American law."

And in *McClain, Criminal Law,* vol. 2, page 174, sec. 979, the author states that "the decided weight of the more recent cases is in support of the proposition that the conspiracy is not merged in the subsequent commission of the contemplated offense, even though it be a felony."

In the case of *Johnson* v. *State,* 26 N. J. L. 323, the court said: "It is objected that the indictment cannot be sustained, because, by the averments, the defendants were charged with a felony in which the conspiracy is merged; * * * It is a maxim of common law, that no man shall be put in jeopardy of life or limb twice for the same offense; and the constitution of New Jersey declares, that no person, after acquittal, shall be tried for the same offense. If charged a second time, he may plead his former acquittal or former conviction. It must appear to be the same offense, and then the record will protect him.

"If, therefore, on the trial for a misdemeanor, it appear that the same act involves a felony, the proceedings will be arrested; otherwise the conviction and judgment on the lesser offense may be pleaded in bar of a prosecution for the higher crime, and offenses escape without due punishment. But unless it appears that the same act involves both offenses, the lesser is not merged. *State* v. *Cooper,* 1 Green, 371; *Cook* v. *State,* 4 Zab. 845; *Rex.* v. *Harmwood,* 1 East's Cr. Law, 440.

"In the case of John Isaac, indicted for a misdemeanor in setting fire to his own house to defraud the insurers, it appeared that houses of other persons were also burned at the same time. This was held to constitute a felony and to merge the misdemeanor, and JUSTICE BULLER ordered his acquittal. 2 *East's Cr. Law,* 1031. The firing of the houses was one and the same act, and the degree of the crime de-

pended on the ownership, the burning of his own being a mere misdemeanor, that of others a felony.

"In the case before us, the conspiracy was separate and distinct from the act of making the false accusation and causing the arrest (which was a felony under the statute creating the offense). The one was the means of accomplishing the other, but not the same act."

Our attention has not been called to any case where this question has been considered and decided by this Court, nor do we recall any, but whatever may be its future action as to the recognition of the rule in a case presented to it upon a different statement of facts, we, upon the authorities cited and the disposition of the courts generally to narrow and limit the operation of the rule, if not to abolish it altogether, have no hesitancy in holding that the rule does not apply in this case, where the offense of which the defendant has been tried and convicted is a separate and distinct offense from the offense of robbery, the only felony in the indictment under which he was acquitted in the former case, and where the acts of the defendant do not constitute both the crime of robbery and the offenses of conspiracy to rob.

It has been held by some courts that there can be no conviction under an indictment for conspiracy to commit a felony, where such felony has been consummated by the party charged with the conspiracy, but if this rule were adopted or recognized by us, it would not apply in this case, as it is not shown that the crime of robbery was committed by the defendant. In fact, the contrary is shown by the verdict of acquittal in the former case.

As we find no error in the ruling of the court below upon the demurrer to the plea filed, the judgment will be affirmed

*Judgment affirmed, with costs.*