GRADY BOWMAN *v.* THE STATE.*

(*Nashville.* December Term, 1929.)

Opinion filed, February 1, 1930.

306

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 742, p. 406, n. 10; Indictments and Informations, 31CJ, section 121, p. 621, n. 61.

J. B. White and Earl A. Brown, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for defendant in error.

Mr. Special Justice Chambliss delivered the opinion of the Court.

This is an appeal from the criminal court of Dickson County. The plaintiff in error was convicted on a charge of driving an automobile while under the influence of an intoxicant and sentenced to ninety days in the county jail. It will not be necessary for us to state the facts fully, as we are entirely satisfied that the evidence sup-

ported the verdict and action of the trial court. There are a number of legal questions raised.

Counsel insist that the case rests upon an indictment which does not contain an endorsement by the foreman of the grand jury that it is a true bill (Shannon's Code, sec. 7055). However, we hold that this was a presentment and being signed by the thirteen members of the grand jury it was unnecessary to make any endorsement as there is nothing to show that it was not based upon knowledge of the members of the grand jury (*Martin* v. *State,* 127 Tenn., 324).

The defendant could only raise the question as to the presentment and its basis upon a plea in abatement. *State* v. *Lewis,* 87 Tenn., 118, 122.

As to the first assignment, based upon a complaint that the verdict is not supported by the evidence, we are amply satisfied that it is.

As to the second assignment, based upon a plea in abatement setting up misconduct of the Attorney-General before the grand jury, we find that the plea was not supported by the testimony upon the issue presented, as the Attorney-General, the only witness presented to support the plea, testified that he was not in the room when the vote was taken and in addition there is no evidence to show that he was not requested in the grand jury and did not indulge in the discussion complained of in the way of legal advice to the grand jury. In addition the trial court held the facts with the state on the plea in abatement.

The fourth assignment is based on a plea of former conviction. Constitution, Article I, sec. 10. The facts show that defendant was arrested upon two warrants, one for the offense for which he was convicted, another

for public drunkenness. He was taken before a justice of the peace and plead guilty to the public drunkenness charge, the justice under the Small Offense Law (Shannon's Code, sec. 6952 *et seq.*) having jurisdiction to fine him upon pleading guilty. Later he was indicted on the other charge. While we feel that at the present time in this country there is more danger that criminals will escape than that they will be subjected to tyranny, we have examined this question carefully and come to the conclusion that the elements of the plea are not in the case. A plea of former conviction should only be good when both courts have jurisdiction of the offense in the trial of which the plea is offered. The justice of the peace, while he had jurisdiction of the charge of public drunkenness (Shannon's Code, sec. 6952) had only jurisdiction of the other charge to the extent that he could bind the defendant over (Shannon's Code, sec. 6960). Thus, while the criminal court had jurisdiction of both offenses, the court in which the punishment now said to be the former conviction was fixed only had jurisdiction of the lesser offense. This court held in *Dowdy* v. *The State,* 158 Tenn., 364, that the "power of election rests with the State, not with the criminal" and there could of course be no election unless the court had jurisdiction of both offenses. We find general rules laid down as follows:

"It has been held in a number of jurisdictions that a conviction of a minor offense in an inferior court, such as a justice's court, does not bar a prosecution for a higher crime of which the inferior court has no jurisdiction." 8 Rul. Cas. Law, 147.

To the same effect in the text of another encyclopedic work:

"An acquittal before a justice constitutes jeopardy, and is a bar . . . but not for another crime of which it forms an ingredient, and of which the justice has no jurisdiction." 16 Corpus Juris, 256.

Though there are very few cases upon this point which really directly bear upon it the implications from other texts are to the same effect as those we quoted. See 1 Wharton's Criminal Law, sec. 393, and 2 Russell on Crimes, pp. 1983-4.

We find one case on all fours, *Crowley* v. *State of Ohio*, 115 N. E., 658; 94 Ohio State, 88; L. R. A. 1917A, 661. These authorities and good reasons dispose of the insistence upon former conviction or jeopardy, we holding that such a plea is not good unless both courts had jurisdiction of the offense in the trial of which the plea is presented.

The last assignment of error is that the defendant was compelled to incriminate himself in violation of the common-law maxim and of the constitutional protection. Constitution, Article I, sec. 9. The defendant in the plea in abatement, sworn to by him, alleged facts occurring before the grand jury. He was put upon the stand by the State and asked from whom he got his information; he claimed his privilege, but under the direction of the court stated. We do not see that this in any way infringed his constitutional rights as in the first place the issue was not as to his guilt and in the second place our view is that the realization of this privilege or right expressed in the constitution is to be had, not in the proceeding in which the witness was called on to testify, but in the judicial proceeding which grows out of his testifying or his refusing to testify.

In *Alexander* v. *United States,* 201 U. S., 117, it was held if an order is made upon witnesses and the witnesses then "refused to comply with it and the court then exercised its authority, either to punish them or coerce them into compliance, that will give rise to another case or cases to which the witnesses will be parties on the one hand, and the Government, as a sovereign vindicating the dignity and authority of one of its courts, will be the party on the other hand."

On the other hand, if the witness answers under protest and is then prosecuted on his answer, or on the facts gathered by his answer, he can object to the testimony based on his incriminating answer and base his objection upon the constitutional provision.

Affirmed.