BENNINGTON *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 28, October Term, 1947.]

*Decided March 17, 1948.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Per Curiam.*

This is an application for leave to appeal from the refusal of a writ of habeas corpus. The applicant was convicted of the common law offense of assault and a violation of city ordinance, discharging firearms within the City Limits, by Judge Sherbow, sitting in the Crimi-

nal Court of Baltimore. He was sentenced to eighteen months in the House of Correction.

The applicant contends that he was denied a constitutional right not to be "twice placed in jeopardy for the same crime", in that he was sentenced to eighteen months for assault and thirty days for discharging firearms. He alleges that only one shot was fired. Whether this is true or not would involve a review of the evidence which is not before us. Moreover, the record shows that he is serving the sentence of eighteen months and there is no contention that the sentences were consecutive. If the other sentence were wholly void, he would still not be entitled to release.

The rule against double jeopardy contained in the 5th amendment to the United States Constitution applies only to trials in the Federal Courts and is not implicit in the 14th amendment. *Palko v. Connecticut,* 302 U. S. 319, 58 S. Ct. 149, 82 L. Ed. 288. The rule is not set out in the Maryland Constitution but is applied in this State as a doctrine of the common law. *Hoffman v. State,* 20 Md. 425. It has no application where the offenses are separate and distinct. *Gilpin v. State,* 142 Md. 464, 121 A. 354. If the offenses are not distinct, but one is a necessary element of the other, there may be a merger of the lesser in the greater offense, so as to prevent a subsequent prosecution for the lesser offense, but not to prevent sentence upon the greater offense. *Berger v. State,* 179 Md. 410, 415, 20 A. 2d 146. Of course, there could be an assault without the discharge of firearms, and there could be a discharge of firearms without an assault. It is unnecessary to decide in the instant case whether the offenses are distinct or not. It is sufficient to say that the question cannot be raised in this proceeding, if, indeed, it could be raised even on direct appeal, in the absence of a special plea or motion. Compare *Edmondson v. Brady,* 188 Md. 96, 52 A. 2d 96, and *Dinterman v. Warden,* 190 Md. 738, 59 A. 2d 779.

The applicant further contends that the court ignored evidence that the prosecuting witness was illegally entering the home of the accused at the time of the shooting, and that the accused was arrested without a warrant. Neither of these statements, if true, afford any ground for release upon habeas corpus. *Olewiler v. Brady,* 185 Md. 341, 44 A. 2d 807; *Edmondson v. Brady, supra.*

*Application denied, without costs.*