## BENNETT *v.* STATE

[No. 270, September Term, 1961.]

*Decided July 5, 1962.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Horney and Marbury, JJ.

*Hugh A. McMullen,* with whom were *Gunter & Geppert* on the brief, for the appellant.

*Robert S. Bourbon, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, James S. Getty, State's Attorney for Allegany County,* and *Donald W. Mason, Assistant State's Attorney,* on the brief, for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

The principal question in this case seems to be a novel one in this Court with regard to double jeopardy. On this appeal the defendant challenges his conviction of what is often referred to as statutory rape (and will be so referred to below) on the ground that he had previously been convicted on his plea of guilty to a charge of contributing to the delinquency of a minor, and that the present prosecution is for the same offense and on the same facts as were involved in the delinquency case. He also contends that the evidence was insufficient to support his conviction in the present case.

The latter contention is not sustainable. There was evidence showing that as the defendant, then twenty-three years old, was walking with the prosecutrix, then a thirteen year old girl, towards her home at about, or shortly before, midnight on the night of February 17, 1961, they came to a bakery parking lot, that they entered it and that at a place between two trucks and a wall of the bakery, he undertook to have sexual relations with her. This much the defendant admits. The girl claims, and he denies, that penetration of her body occurred. He claims that he desisted just as penetration was about to occur, because she began to cry. There is evidence of ejaculation. The defendant's chief reliance for his contention that the evidence was insufficient is that a physician who examined the girl on the afternoon of February 18, about fourteen hours after the incident, was unable to determine from his examination whether sexual intercourse had or had not occurred the night before. He did, however, find the hymen not to be intact. There is, in addition, medical testimony that when the girl was examined by a doctor a

little over two months after this episode, she was found to be about two months pregnant. She testified that she was seven months pregnant at the time of the trial below in September, 1961. She denied having had intercourse with anyone other than the defendant, and there was no contradiction of this testimony. The evidence was ample to warrant the trial court's finding that the defendant was guilty of statutory rape.

The question of double jeopardy is the serious question in this case. Though there is no transcript of the proceedings on February 27, 1961, in the trial magistrate's court, before us (and we assume that none exists), we think that essentially the same evidence was before the magistrate as was presented in the Circuit Court, with the exception of that showing pregnancy and indicating that it began at about the time of the occurrence which gave rise to both proceedings. There is no suggestion that this evidence was or could have been known at the time of the juvenile court proceedings before the magistrate.

The prosecution before the magistrate was under § 291 of the *Code of Public Local Laws of Allegany County* (1955 Ed.), referred to below as the Local Laws, for contributing to the delinquency of a child under the age of eighteen years.[1] Jurisdiction over such an offense is vested exclusively in the Magistrate for Juvenile Causes under § 284 (b) (2) of the Local Laws. Under § 285 3 delinquent child is defined (in part) as one "(e) who is engaged in any occupation which is in violation of law, or who associates with immoral or vicious persons; or (f) who so deports himself as to injure willfully or endanger the morals of himself or others." (No question has been raised as to whether the prosecutrix met at least some phase of this definition.) The prosecution in the Circuit Court was under Code (1957), Art. 27, §§ 462 and 12. The first count of the information charged a felony—carnal knowledge of a woman child under the age of fourteen years

---

1. An offense by an *adult* under § 291 is a crime. Section 284 (b) (9), Local Laws, does not apply and *Moquin v. State,* 216 Md. 524, 140 A. 2d 914, is not in point.

(statutory rape). The second count charged attempted statutory rape (§ 12, *supra*), but was abandoned when the issue of double jeopardy was raised.

The defense of former jeopardy is available in this State as a matter of common law unless and except as altered by statute. *Robb v. State,* 190 Md. 641, 650, 60 A. 2d 211; *Bennington v. Warden,* 190 Md. 752, 59 A. 2d 779; *State v. Adams,* 196 Md. 341, 344, 76 A. 2d 575; *Eggleston v. State,* 209 Md. 504, 121 A. 2d 698. Though it is not provided for by any provision of the Maryland Constitution,[2] it is a firmly established part of our law. *Gilpin v. State,* 142 Md. 464, 121 A. 354. Judge Pattison there said (142 Md. at 466): "The rule forbids a second trial for the *same offense* whether the accused at the former trial was acquitted or convicted." He then observed: "The rule, though a simple one, is sometimes difficult in its application."

There is a vast number of cases dealing with the subject, and the close relationship which exists between double jeopardy and *res judicata* has been clearly recognized. *State v. Coblentz,* 169 Md. 159, 164, 180 A. 266, and cases there cited (including the *Gilpin* case, which is one of those characterized as really presenting the defense of *res judicata* under a plea of double jeopardy); *Rouse v. State,* 202 Md. 481, 486, 97 A. 2d 285. The relationship of double jeopardy to the doctrine of common law merger of offenses has also been recognized. *Veney v. State,* 227 Md. 608, 612-13, 177 A. 2d 883. That case makes it clear that the old doctrine of merger no longer exists in this State, but as Judge Prescott there said:

> "But this does not mean that the later and more modern concept of merger of offenses, whether it be considered under such terms as 'double jeopardy,'

---

2. No claim is here asserted that the prohibition against double jeopardy contained in the V Amendment to the Constitution of the United States is applicable to the States. See *Palko v. Connecticut,* 302 U. S. 319; *Brock v. North Carolina,* 344 U. S. 424; *Bartkus v. Illinois,* 359 U. S. 121; *Gori v. United States,* 367 U. S. 364, 368, n. 9; *Robb v. State, supra.*

'merger,' or 'divisibility of offenses' fails to play an important role in criminal prosecutions today. For, as this Court pointed out when it quoted R.C.L. in *Gilpin, supra* (142 Md. p. 469) to the effect: ' "It [common law merger] has no application where both crimes are misdemeanors or both are felonies, though one may be of a much graver character than the other and punishable with much greater severity; but in such a case another principle applies, that is if the lesser felony [or offense] is a necessary ingredient of the other, a conviction of one will bar a prosecution for the other by virtue of the twice in jeopardy rule. * * *" ' See also *Williams v. State,* supra [205 Md. 470, 109 A. 2d 89.]

"* * * 22 C.J.S., Criminal Law, § 10, states the true test of whether one criminal offense has merged into another is held to be not whether the two criminal acts are successive steps of the same transaction, but whether one crime necessarily involves the other."

It is evident in the instant case that the two prosecutions which resulted in the appellant's convictions were under two quite different statutes. It is also evident that the same general facts gave rise to each prosecution. It was not, however, until after the pregnancy of the prosecutrix became known, that the State apparently felt itself in a position to press a charge of rape. To sustain the latter charge one element—penetration—had to be proven, which it was not necessary to prove in order to establish the charge of contributing to the delinquency of a minor. It would seem, however, that there was no fact in addition to the facts necessary to establish the charge of rape which would have had to be proven in order to establish the offense of contributing to the delinquency of a minor.

The first problem seems to be whether this is a case of a single act or series of acts constituting offenses under two different statutes, or a case in which the lesser offense of contributing to the delinquency of a minor is an offense necessarily included in the major offense of statutory rape. Each

of the offenses here is statutory, and we are not dealing with familiar common law offenses in which one lesser offense is clearly recognized as an essential element in establishing a greater offense, as, for example, an assault is an essential ingredient of a battery.

Under the first suggested classification the prosecution would be unable, in the circumstances of this case above set forth, to meet the test usually applied and commonly known as the *Blockburger* rule, which is thus stated in *Blockburger v. United States,* 284 U. S. 299, at 304:

> "Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

The Supreme Court cited *Gavieres v. United States,* 220 U. S. 338, in support of this rule and also cited with approval and quoted from *Morey v. Commonwealth,* 108 Mass. 433, 434 (which seems to be the foundation case for the rule expressed in *Blockburger*) as follows:

> "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution under the other."

Here, statutory rape would require the proof of a fact which need not be established to support conviction for contributing to the delinquency of a minor, but the converse is not true on the facts of this case involving a child of thirteen.

We agree with the view of the Supreme Court of California expressed by Traynor, J., in *People v. Greer,* 30 Cal. 2d 589, 184 P. 2d 512, on facts which presented a like question to ours, that the offense of contributing to the delinquency of a minor is included in a charge of statutory rape. There the defendant had first been tried under an information charging

violations of three different sections of the California Code: § 261 (1) of the Penal Code, statutory rape (minor under 18); § 288 of the Penal Code, lewd and lascivious conduct (minor under 14); and § 702 of the then Welfare & Institutions Code, contributing to the delinquency of a minor (under 21 years of age). The jury disagreed on the first two counts and found the defendant guilty on the third. He was tried again on the first two counts, to which he entered a plea of double jeopardy. He offered proof of his former trial on offenses under the above three sections and of his conviction of the third of those offenses, but the trial court rejected his proffer. There was evidence to show that he had compelled his thirteen year old stepdaughter to submit to intercourse on several occasions, and he was convicted on his second trial of violations of §§ 261 (1) and 288, *supra*. He then appealed.

The California Supreme Court rejected as without merit the appellant's claim of double jeopardy based upon his being retried on the counts as to which the first jury had disagreed. It then in effect upheld his contention of double jeopardy based upon his prior conviction on the charge of contributing to the delinquency of a minor, and remanded the case for consideration of proof of the prior trial and conviction and for determination of whether or not separate acts served as the bases for the several counts of the indictment.

Section 1023 of the California Penal Code deals with double jeopardy and provides in part:

> "When the defendant is convicted or acquitted, or has been once placed in jeopardy upon an indictment or information, the conviction, acquittal, or jeopardy is a bar to another indictment or information * * * or for *an offense necessarily included therein, of which he might have been convicted under that indictment or information.*" (Italics added).

This statute was held applicable in the *Greer* case, for the reason that the charge of contributing to the delinquency of a minor was considered to be an "included offense" under its terms. The court, speaking through Justice Traynor, said (184 P. 2d at 517):

"Statutory rape (section 261 (1)) and lewd and lascivious conduct (section 288) * * * are offenses against minors under 18 and 14 years respectively, whereas section 702 protects minors under 21. Consequently, the age groups covered by sections 261 (1) and 288 of the Penal Code are necessarily included within the age group covered by section 702 * * *. It is inconceivable that the acts described in sections 261(1) and 288 would not contribute to the delinquency of a minor. * * * Since every violation of sections 261 (1) and 288 is also a violation of section 702, the offense defined in the latter is an offense necessarily included in the offenses defined in sections 261 (1) and 288. * * *

"Respondent contends, however, that all three of the offenses involved herein contain different elements. It is true, that each offense is stated differently in the codes and that defendant could have contributed to the delinquency of a minor without committing statutory rape * * * Nevertheless, the converse is not true. We are holding, not that these offenses are identical, but that every violation of sections 261 (1) and 288 necessarily constitutes a violation of section 702 * * *."

We do not have any statute comparable to § 1023 of the California Penal Code. In general, the latest draft of the American Law Institute's Model Penal Code, the Proposed Official Draft of May, 1962 (the M. P. C. (1962)) seems to favor the rule of the *Greer* case and of the statute just referred to under § 1.07 (1) (a), and it adopts the *Blockburger* rule under § 1.09 (1) (c). As to the latter, see Comment in the A. L. I. 1956 Tentative Draft No. 5 of the Model Penal Code, § 1.10 (1) (c), p. 57, that section now being renumbered as § 1.09. There is an extensive citation of statutes and of cases in the A. L. I's *Double Jeopardy* (1935), the Official Draft of a part of its project on Administration of the Criminal Law, which deal with the problem with which we are now concerned. See particularly the Commentaries on

§§ 16 and 17 of that draft, pp. 129-145. At pp. 131-134 a number of cases (none in Maryland) are cited as holding that "a conviction or acquittal, etc., of one offense was said to be a bar to a prosecution for an included offense, of which he might have been convicted upon the first trial." Section 1.07 (1) (a) of the M. P. C. (1962) by its incorporation of the definition of an "included offense" contained in subsection (4) of that section seems to contemplate that the included offense be one for which the defendant may be convicted, even though it be not charged specifically in the indictment or information. This provision was apparently based upon the statutes of a number of states. See Comment on Subsec. (4) of § 1.08 of the 1956 A. L. I. Tentative Draft No. 5 of the Model Penal Code (that section corresponding to § 1.07 of the M. P. C. (1962)), where it is stated (p. 40):

> "Subsection (4) permits conviction for an offense which is not specifically charged in the accusative pleadings, provided the offense is an included offense. Provisions of this type are common."

Whether the possibility of conviction of merely an included offense upon trial under an indictment or information specifically charging only the inclusive offense exists as a matter of statute, or as a matter of common law as some authorities indicate (none of them, however, in Maryland, so far as we are informed), it seems clear that the possibility does not exist in the instant case. Even if such a conviction were possible here under the common law (which we do not decide), we think that an examination of the two statutes here involved shows that it is not possible in this case,[3] because the prosecutions must be initiated before different tribunals, the one in the Circuit Court, the other before the Magistrate

---

3. We do not think this is inconsistent with *Suitor v. State,* 6 Okla. Cr. 305, 118 P. 412, which forms the basis for a contrary statement in 42 C.J.S., *Indictments and Informations,* § 271, text at n. 15, for *Suitor* was based upon a statute providing for conviction of any lesser included offense. *State v. Roberts,* 213 La. 559, 35 So. 2d 216, and *McKenzie v. State,* 263 S. W. 2d 562 (Tex. Cr. App.) fall into the same category.

for Juvenile Causes for Allegany County, and, of course, the common law may be changed by statute. There is no such statutory basis which would be applicable here. Section 284 (b) (11) of the Local Laws confers exclusive jurisdiction upon the Magistrate for Juvenile Causes over offenses under § 291, subject to the right of the accused under § 293 to demand a jury trial in the Circuit Court or under § 294 to appeal to the Circuit Court. The Magistrate for Juvenile Causes has no jurisdiction to try a case of statutory rape; a prosecution for such an offense must be in the Circuit Court. If a defendant charged under § 291 took his case to the Circuit Court under § 293 or § 294, doubtless his case might then be consolidated for trial with a case initiated in the Circuit Court charging him with statutory rape, but quite obviously the charges would remain separate charges. Thus, if the two proceedings were so tried together, the defendant might be acquitted on the charge of statutory rape, but convicted on the charge of contributing to delinquency, but as a separately stated charge and not as a lower degree of the charge of statutory rape. (Cf. the several verdicts permissible under an indictment for murder.)

The precise question with which we are here confronted does not appear to have been decided previously by this Court. In Maryland, as elsewhere, a defendant who had been tried and convicted or acquitted first on the greater offense of which the lesser is an essential ingredient may not later be tried on the lesser offense. *Bennington v. Warden,* 190 Md. 752, 59 A. 2d 779. Our case is the converse—where the defendant was tried first on the lesser offense—and he was convicted, not acquitted of a lesser charge which would be established by the evidence necessary to support the greater charge (though not all of the evidence to support the greater charge would be required to support the lesser.)

The question at the bottom of this case is, we think, whether the rule of *Morey v. Commonwealth* and of *Blockburger v. United States,* both *supra,* or a more specialized rule should control. The more specialized rule, insofar as it may here be applicable, denies the defense of double jeopardy where the

conviction for the lesser offense comes first and occurs in a court or before a magistrate lacking jurisdiction to try the defendant for the greater offense. The A. L. I. *Double Jeopardy,* above referred to, at p. 137, states:

> "There is also a class of case which holds that a conviction or acquittal in a court of inferior jurisdiction is not a bar to a prosecution in a higher court for a greater crime, which includes the lesser, where the inferior court has no jurisdiction over the greater offense. If it is possible on a prosecution for the greater offense, to have a conviction for the lesser offense, of which there has already been an acquittal or conviction, it would seem that these decisions are untenable in principle. The fact that the prosecution was brought in a court of inferior jurisdiction cannot alter the principle involved."

The above criticism is conditioned upon its being possible to obtain a conviction for the lesser offense on a prosecution for the greater. That, however, would not be the situation in the instant case for reasons already stated. Therefore, the basis for the above criticism is not present in this case. We may add that, whether as a matter of *res judicata* or of double jeopardy, the rule as broadly summarized above would seem open to serious criticism if the proceedings in the court of inferior jurisdiction resulted in acquittal of a lesser offense which is an essential ingredient of the greater offense. In support of the broad rule, as stated, the A. L. I. cites cases from eight jurisdictions involving previous convictions of the lesser offense and one case (from another jurisdiction) involving a prior acquittal. The A. L. I. note of this last case criticizes it much as we do.

1 Bishop, *Criminal Law* (9th Ed.), § 1058 (4) criticizes the specialized rule, without any extensive statement of reasons therefor, and would give the defendant the benefit of the plea of double jeopardy even where the inferior tribunal has no jurisdiction to try the major offense.[4] 1 *Wharton on Crim-*

---

4. If the inferior tribunal has no jurisdiction to try the offense upon which the defendant is charged, its judgment is a nullity and

*inal Law and Procedure* (Anderson Ed., 1957) § 147 states, in effect, that there are authorities both ways, cites one case as opposed to the specialized rule and five supporting it, and expresses no choice as between the two views. The M. P. C. (1962) contains no provision embodying the specialized rule and, we think, rejects it under both §§ 1.07 and 1.09.

The specialized rule is, however, supported by the definite weight of authority in the cases dealing with the question. *People v. Greer, supra,* did not involve such a question, as we understand it. A consideration which, we think, tends to support the specialized rule is the great disparity in the gravity of the offenses here involved—statutory rape carrying a possible death penalty and contributing to the delinquency of a minor carrying maximum penalties of two years' imprisonment and a fine of $500. This is stressed in a number of the cases cited below. Compare *Commonwealth v. Comber,* 374 Pa. 570, 97 A. 2d 343, 37 A.L.R. 2d 1058, where, primarily because of the disparity in the gravity of the offenses, and partly because of the confusion entailed the court held that there could be no conviction of assault and battery on an indictment and trial for murder or for murder and voluntary manslaughter.

Supporting the rule that where the inferior tribunal had no jurisdiction to try the major offense, a conviction of an included lesser offense before the inferior tribunal does not bar a subsequent prosecution for the greater offense in a superior tribunal having jurisdiction over that offense, are: *State v. Barnette,* 179 A. 2d 800 (Me., 1962, referred to below); *Comm. v. Bergen,* 134 Pa. Super. 62, 4 A. 2d 164; *Common-*

---

does not bar a subsequent prosecution. *Crawford v. State,* 174 Md. 175, 197 A. 866.

Where, however, the offense is one over which an inferior tribunal has jurisdiction, an acquittal by that tribunal will bar a subsequent prosecution in a superior tribunal on precisely the same facts when they are simply alleged in words presenting the same charge, but in aggravated form, for which a greater penalty might be imposed, and over which the superior tribunal would have jurisdiction and the inferior tribunal would not, the second prosecution is barred. *State v. Lingner,* 183 Md. 158, 36 A. 2d 674 (assault and battery).

*wealth v. Mahoney,* 331 Mass. 510, 120 N. E. 2d 645; *Commonwealth v. McCan,* 277 Mass. 199, 178 N. E. 633, 78 A.L.R. 1208; *Commonwealth v. Jones,* 288 Mass. 150, 192 N. E. 522; *Diaz v. United States,* 223 U. S. 442; *Bacom v. Sullivan* (5th Cir.) 200 F. 2d 70; *People v. Townsend,* 214 Mich. 267, 183 N.W. 177, 16 A.L.R. 902; *State v. Holm,* 55 Nev. 468, 37 P. 2d 821; *State v. Goodson,* 54 N. M. 184, 217 P. 2d 262; *State v. Rose,* 89 Ohio St. 383, 106 N. E. 50; *Crowley v. State,* 94 Ohio St. 88, 113 N. E. 658; *State v. Pearson,* 49 R. I. 386, 143 A. 413; *Bowman v. State,* 160 Tenn. 305, 23 S. W. 2d 658; *Severin v. People,* 37 Ill. 414, 422. See A. L. I., *Double Jeopardy, supra,* (1935) cases collected at pp. 142-144. We have found some cases to the contrary. See *State v. Sampson,* 157 Ia. 257, 138 N. W. 473, 42 L.R.A. (N. S.) 967; *State v. Smith,* 217 Ia. 825, 253 N. W. 130; *State v. Purdin,* 206 Ia. 1058, 221 N. W. 562 (expressly disapproving prior cases of *State v. Dickson,* 200 Ia. 17, 202 N. W. 225, *State v. Garcia,* 198 Ia. 744, 200 N. W. 201); *People ex rel. Kwiatkowski v. Trenkle,* 169 Misc. 687, 9 N. Y. S. 2d 661. See also *Moore v. State,* 71 Ala. 307.

Of the above cases supporting the majority view, *Comm. v. McCan, supra,* is one of the leading cases. It is to be noted that it, like *Morey v. Comm., supra,* was decided by the Supreme Judicial Court of Massachusetts. Indeed, it cited *Morey.* The *McCan* case involved a conviction for assault and battery in a court of limited jurisdiction and a subsequent prosecution in a trial court of general jurisdiction on a charge of statutory rape. The first conviction was held not to be a bar to the subsequent prosecution. *McCan* has very recently been cited and followed by the Supreme Judicial Court of Maine in *State v. Barnette, supra,* 179 A. 2d 800. In that case there was first a conviction in a court of limited jurisdiction, which could not try a rape case, for the offense of aiding the delinquency of a minor child. This was followed by a prosecution in a superior court for statutory rape. The Maine Court aptly pointed out that: "All statutory rape is aid to juvenile delinquency. But all aid to juvenile delinquency is not statutory rape." (179 A. 2d at 801.) That Court stressed

both the great difference between the two offenses and the fact that in the prosecution for the lesser offense in a court of limited jurisdiction, the defendant had not been and could not be placed in jeopardy for the greater offense of statutory rape. It held that the defendant's plea of former jeopardy was properly overruled when he was brought to trial before the Superior Court on the charge of statutory rape.

The rule of the *McCan* and *Barnette* cases is supported by the obvious difference in the gravity of the greater and lesser offenses. That difference is reflected in the difference in the punishments which may be inflicted, and that, in turn, is the basis for the denial of jurisdiction over the greater offense to the tribunal of limited jurisdiction, which may try the lesser offense only. In other words, the great disparity between the offenses is the very foundation for the fact stressed in *McCan*, *Barnette, Crowley v. State, supra*, and other cases that the defendant has never been placed in jeopardy for the greater offense by being prosecuted for the lesser offense before a court or magistrate having no jurisdiction to try him for the greater offense. In a case such as the present case, proof of the lesser offense is incidental to, rather than an essential ingredient of, the major offense. Cf. *Gouchenour v. State,* 202 Ind. 231, 173 N. E. 191, holding (in part) that contributing to the delinquency of a female child is not a lesser degree of rape, and *People v. Noyes,* 328 Mich. 207, 43 N. W. 2d 331, reaching a similar conclusion with regard to the offense of taking indecent liberties.

We believe the majority view on this subject, exemplified by *McCan* and *Barnette,* to rest upon a sound basis factually and legally, and accordingly we follow that view. We note that the trial court allowed the appellant full credit against the sentence imposed on the rape charge for time served after his arrest on the lesser charge, so that no question of a double sentence is involved. Cf. *Berger v. State,* 179 Md. 410, 415, 20 A. 2d 146.

*Judgment Affirmed.*