**Commonwealth v. Bowers**

Before Smorto, O. C. Division, O'Kicki, McWilliams and McDonald, JJ.

*Caram J. Abood,* District Attorney, for Commonwealth.

*L. Edward Glass,* of *Glass, Glass & Moot,* for defendant.

SMORTO, P. J., O. C. Division, S. P., Jan. 7, 1974.— On the early morning of August 6, 1972, the defendant, Richard C. Bowers, while operating a motor vehicle westwardly on Route 56 in Lower Yoder Township, collided with a vehicle operated by Orris S. Miller. Miller and his wife were killed as a result of the collision. Defendant was charged with reckless driving, which is a summary offense, and with operating a motor vehicle while under the influence of intoxicating beverages and involuntary manslaughter, which are indictable misdemeanors.

On August 22, 1972, a preliminary hearing was held. The two complaints for said misdemeanors were returned to the Common Pleas Court, Criminal Division, for grand jury action. At the same time, a hearing was held on the summary offense and defendant was found guilty. He did not testify in any of the proceedings. He filed an appeal from the conviction, but the appeal was withdrawn. Following the finding of true bills by the grand jury on the misdemeanors, defendant has filed a motion to quash. He raises the issue of double jeopardy and relies on the pronouncements of the Supreme Court in Commonwealth v. Campana, 452 Pa. 233, 304 A. 2d 432.

The Campana case actually involved three appeals that were argued together and disposed of in the one opinion.

In the Campana incident, defendant was found not guilty of disorderly conduct by a justice of the peace. Additional charges arising from the same matter of resisting arrest and assault were dismissed for lack of evidence. Subsequently, the Commonwealth again instituted the charges of resisting arrest and assault before another justice of the peace who bound Campana over to the grand jury. He was later convicted of both crimes.

In the John Doe et al. incident, defendants were convicted by a justice of the peace of disorderly conduct and disturbing the peace in a barroom brawl. The justice of the peace also bound appellants over to the grand jury on charges of aggravated assault and battery, riot, riotous destruction of property and malicious mischief. A jury eventually found them guilty of these charges.

In the Robert Earl King incident, a justice of the peace found him guilty of disorderly conduct but also bound him over to the grand jury on charges of assault and battery on a police officer and resisting arrest. In a nonjury trial, defendant was found guilty of both charges. He failed to file a timely appeal. One was granted nunc pro tunc but it was disallowed by the Superior Court.

As a result of the Campana decisions, the conviction in the cases of Campana and John Doe et al. were reversed. The King case was affirmed.

In reversing the said judgments of conviction, the Supreme Court held that defendants had been subjected to "double jeopardy" in contravention of the Fifth and Fourteenth Amendments of the United States Constitution. It held that the principal purpose of the

double jeopardy clause is to prevent repeated attempts to convict an individual for an alleged offense through a series of prosecutions. It also applied the common-law pleas, accepted in Pennsylvania of "autrefois acquit" (previously acquitted) and "autrefois convict" (previously convicted) which prevent a prosecutor, after an acquittal or conviction of a "constituent" or lesser included offense in the first trial, from initiating a second prosecution for a greater offense. Thus, the double jeopardy clause requires a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a "single criminal episode."

Defendant here contends that the alleged single criminal episode in which he was involved produced the charges of reckless driving, driving while under the influence and involuntary manslaughter.

Because he was summarily tried and convicted for the offense of reckless driving, he cannot now, because of the "double jeopardy" clause and the Campana decision be tried for the misdemeanor crimes of driving while under the influence and involuntary manslaughter.

The Campana case was appealed to the Supreme Court of the United States. On October 9, 1973, that court granted certiorari. The judgment was vacated and remanded to the Pennsylvania Supreme Court for determination as to whether it had proceeded under the Federal or State Constitution. As we see it, the effect of the action of the Supreme Court of the United States, having vacated the judgment of the Pennsylvania Supreme Court, is to cause the status of the law in Pennsylvania to revert to what it was prior to Campana.

We must measure the instant case from both the viewpoint of defendant and that of society. We believe

that, in the instance of Campana, we would have applied the double jeopardy rule. Defendant had been acquitted before one magistrate. We do not look kindly to the shopping by the prosecutor for a favorable magistrate in his pursuit for conviction. This smacks of oppression, harassment and persecution. By the same token we cannot permit the indiscriminate application of double jeopardy to defeat the interest of society by preventing the guilty from being punished where, as here, the risk of harassment is slight and that of improper acquittal great. Just as a defendant is entitled to a fair trial, the State's interest in securing convictions must be given fair and considerable weight: Commonwealth ex rel. Montgomery v. Myers, 422 Pa. 180.

We do not think that the Fourteenth Amendment of the United States Constitution always forbids States to prosecute different offenses at consecutive or successive trials even though they arise out of the same occurrence. The question in any given case is whether such a course has led to fundamental unfairness. We see and have noted fundamental unfairness on the part of the prosecution in the Campana incident. It may very well be preferable practice for a State in circumstances such as these, to bypass the summary proceeding and move on to the trial of the summary and indictable offenses in a single prosecution: Hoag v. New Jersey, 356 U. S. 464, 78 S. Ct. 829; Ciucci v. Illinois, 356 U. S. 571, 78 S. Ct. 839.

In the instant case, at the single preliminary hearing before the magistrate, defendant was found guilty of the lesser and summary crime of reckless driving and he was bound over to the grand jury for the indictable misdemeanors of driving under the influence and involuntary manslaughter. We do not find such funda-

mental unfairness, because of the conviction for the lesser and summary offense, to preclude the State from prosecuting the more serious indictable charges.

The law in Pennsylvania, prior to Campana, had always been that a prosecution for the summary offense of reckless driving is not a bar to a prosecution for involuntary manslaughter: Commonwealth v. Bergen, 134 Pa. Superior Ct. 62, 4 A. 2d 164. The overwhelming weight of authority from other jurisdictions in the United States has held that the offense of involuntary manslaughter and reckless driving or driving while under the influence are not the same and that an acquittal or conviction of the lesser is not a bar to a prosecution of the greater: New Jersey v. Shoopman, 11 N. J. 333, 94 A. 2d 493; Delaware v. Heitter, 203 A. 2d 69 (Del. Sup. Ct., 1964); Bennett v. State, 229 Md. 208, 182 A. 2d 815; People v. Lamphear, 316 N. Y. S. 2d 113, 36 A. D. 2d 305; Bacom v. Sullivan, 200 F. 2d 70.

Finally, we want to emphasize that had the Supreme Court of the United States not vacated the judgment in the Campana case, we would have been compelled by the rule of "stare decisis" to follow the Campana decision and grant the motion to quash the indictments.

We enter the following order:

## ORDER

And now, January 11, 1974, the motion to quash is denied.