STATE *versus* ELDEN.

41 165
98 432

A. was indicted, tried and convicted of the crime of forgery. He took exceptions to certain instructions by the presiding Judge to the jury, which were allowed. At the succeeding term, by leave, he withdrew his exceptions; whereupon, on the suggestion of the county attorney, the indictment was dismissed, and the defendant discharged without day. A year afterwards, A. was again indicted for a forgery, and the allegations were in all respects similar to those in the first indictment, to which he pleaded a previous conviction in bar.

The Court *held,* that it was a second indictment for the same offence on which he had been already convicted; and that the plea of *autre-fois convict* was good.

ON DEMURRER from *Nisi Prius,* GOODENOW, J., presiding.

The facts in this case are fully stated in the opinion of the Court.

*Evans,* for State.

*Bourne & Son,* for defendant, contended,—1. That the common law doctrine, that no person "should be twice put in jeopardy of life or limb, for one and the same offence," had been held to apply to minor offences, and mean that no man should be twice tried for one and the same offence. Story on the Con., vol 3, § 1781; *Commonwealth* v. *Robie,* 12 Pick. 502. It was adopted as a part of the Constitution of the United States, and of our own State. The facts in the case show that the defendant has been "in jeopardy" for the same offence charged in the second indictment.

2. Whether a discharge on the first indictment by a *nolle pros.* is a bar to a second prosecution for the same offence, depends upon the time when the order of discharge is given. If before trial, as in the case of *Commonwealth* v. *Wheeler & al.,* 2 Mass. 172, it is no bar, because the prisoner has not been put "in jeopardy;" but if after conviction, as in this

case, it is a bar, for the prisoner has in that case been in jeopardy.

If the Court sees fit to discharge a prisoner, at the suggestion of the prosecuting officer that he does not wish to prosecute further, even after conviction, it is clearly in its power to do so.    20 Pick. 356.

In *Commonwealth* v. *Wade*, 17 Pick. 396, after the attorney general had introduced all the evidence on behalf of the government, the counsel for the defendant objected that the allegation in the indictment was not supported by the proof, and the Court so decided.    The attorney general then moved to enter a *nolle pros.*, and contended that he might do so as a matter of right, and cited the case of *Com.* v. *Wheeler & al.*, before mentioned.

But the Court said, "It is a case where there is no necessity, no unforeseen cause of delay, no accident, no mistake, no extraordinary exigence.    It is an ordinary case of a good indictment in point of form, but a failure in the proof; and we think, therefore, that the prisoner is entitled to a verdict of acquittal."

The prosecuting officer was not allowed to interfere with the rights of the prisoner by entering a *nolle pros.    People* v. *Barrett*, 1 Johns. 75.

3. It may be argued, that in this case there was no regular judgment on the verdict.

We answer first, that there was a judgment that the prisoner "go without day," which is precisely the same as judgment on an acquittal; and although the *nolle pros.* might have induced this judgment of *acquittal*, yet that does not affect the prisoner's rights at all.

But we do not consider that the rights of the prisoner can be at all affected by the entry or non-entry of a judgment. We are well supported by decisions when we say, that the *verdict* alone is sufficient to support this plea.    It is not material, that it should be followed by a judgment.    4 Black. Com. 336; Greenl. Ev., vol. 3, § 38.

4. It appears that all the proceedings in the former trial

were legal, and in accordance with the usual course of trials until after verdict. This, according to the decisions, is all that the prisoner need show to entitle him to a discharge, *provided,* that the charge is the same in both indictments.

The only question, therefore, is upon the applicability of this plea to this particular case.

In determining whether or not this plea is sufficient, the true test is, whether the evidence necessary to support the second, would have been sufficient to procure a conviction on the first. *Rex* v. *Emden,* 9 East, 437; 3 Greenl. Ev., § 36 and note.

"If the prisoner could have been legally convicted upon *any* evidence that might have been adduced, his acquittal on that indictment may be successfully pleaded to a second, and it is immaterial whether the evidence was adduced or not." *Rex* v. *Sheen,* 2 C. & P. 635.

The question of the identity of the offence is set at rest by the papers in the case, which show that the second indictment is a verbatim copy of the first.

It appears from the records of this Court, that the prisoner has once been tried and convicted upon a good and sufficient indictment, for this identical offence, and that the jury returned a verdict of guilty. That verdict, the Court say, in *State* v. *Norval,* "is of itself an eternal protection against all other prosecutions for the same offence." It is unaffected by the *nolle pros.* which follows it, and it is immaterial to the rights of the prisoner whether or not a judgment was entered upon it.

TENNEY, C. J. — The defendant was indicted for the crime of forgery, at a term of this Court begun and holden in and for the county of York, on the first Tuesday of January, A. D. 1855. At the following term in that county, upon a plea of not guilty, he was tried on the same indictment, and found guilty of the charge therein contained. Exceptions were taken by him to certain instructions, given to the jury by the Judge who presided at the trial, which were duly

allowed. The matter was then continued, and marked "law," upon the docket of that term. At the succeeding term in that county, the defendant, by leave of Court, withdrew his said exceptions. And the attorney of the State for the county of York suggested to the Court, that he would no further prosecute the said indictment. It was therefore considered by the Court, that the indictment be dismissed, and that the said defendant go thereof without day.

At a term of this Court, begun and holden at York, on the first Tuesday of January, A. D. 1856, the defendant was indicted for a forgery, and the allegations in the indictment are, in all respects, similar to those in the former indictment, and, under the pleadings, it is to be treated as a second indictment for the same offence, found after conviction on the first.

At the same term of the Court, when the second indictment was found, the defendant appeared, and to this second indictment pleaded the former conviction in bar, in due form, to which the government, by the county attorney, filed a general demurrer, which was joined.

The Court overruled the defendant's plea, and adjudged the demurrer good. To which adjudication the defendant excepted.

It is certainly very doubtful, whether the Court was called upon to judge of the sufficiency or insufficiency of the defendant's plea. By R. S., c. 96, § 22, all questions on demurrer shall be heard and determined by the Court, holden by a majority of the Justices thereof. Same c. § 12. This provision does not seem to have been changed by the statute of 1852, c. 246, § 8, requiring that all cases, civil or criminal, when a question of law is raised for the determination of the Supreme Judicial Court, sitting as a court of law or equity, shall be respectively marked "law" upon the docket of the county, where they are so pending, and shall be continued on the same until the determination of the questions so arising shall be respectively certified, by the clerk of the district, to the clerk of the county, where they are pending.

If, however, the question raised by the demurrer was sus-

State *v.* Elden.

pended in the Court of the county, without further action, that question upon the pleadings alone is properly in this Court; and it is before it, either thereon, or upon the exceptions.

In the amendments to the Constitution of the United tates, art. 5, it is declared, "Nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." This protection will extend to persons, brought to rial in the courts of the individual States, in the same manner as to those who are charged in the federal courts. The sixth article of the Constitution of the United States declares, that that constitution shall be the supreme law of the land, and the Judges in every State shall be bound thereby; any thing in the constitution or laws of any State to the contrary notwithstanding. And the constitution of this State contains in the Declaration of Rights, Art. 1, § 8, a similar clause. This is equivalent to the declaration of the common law principle, that no person shall be tried twice for the same offence. *Commonwealth* v. *Roby,* 12 Mass. 496, 502.

The plea of *autrefois acquit,* or a former acquittal, is grounded on this universal maxim of the common law of England, that no man is to be brought into jeopardy of his life more than once for the same offence. 4 Bl. Com. 335. The declaration in the constitution embraces offences not comprehended in the maxim referred to, but the construction to be given to the latter in other respects, will equally apply to offences less than capital.

"Jeopardy of limb" refers to crimes which were formerly punished by dismemberment and intended to comprise the offences denominated in law felonies. *People* v. *Goodwin,* 18 Johns. 187, 201.

The pleas of *autrefois acquit* and of *autrefois convict,* depend on the same principles, that no man shall be more than once in peril for the same offence. 1 Chit. Cr. Law, 452, 462. The form, the requisites and consequences are very nearly the same. Ib. 63; 4 Bl. Com. 336; *United States* v. *Gilbert & al.* 2 Sumner, 19.

In order, however, to entitle the defendant to either of these pleas, of former acquittal, and former conviction, they must be upon a prosecution for the same identical act and crime, 4 Bl. Com. 336; and also that the former indictment as well as the acquittal or conviction was sufficient. And neither plea will be of any avail, when the first indictment was invalid, and when on that account, no judgment could be given, because the life of the defendant was never before in jeopardy. 1 Chit. Crim. Law, 452, 463.

If in the former trial the Court had no jurisdiction of the offence; if the indictment was insufficient in form or substance; or if, after the jury was impanelled and the trial had proceeded, by sudden death or sickness of a juror, the extreme illness of the prisoner, or other case of pressing necessity, the course of the trial is interrupted, the prisoner has not been put in jeopardy, in the sense of the law. *Commonwealth* v. *Roby*, before cited.

The offence charged in the two indictments must be the same in *law* and in *fact*. But it is sufficient if the acquittal from the offence charged in the first indictment virtually includes an acquittal from that set forth in the second, however they may differ in degree. When a party is charged in an indictment with the crime of murder, the felony actually committed is the same, whether it has all the elements of murder in the first or second degree, or whether it is wanting in the intention of murder, and is therefore manslaughter only. The two lower degrees of felonious homicide, are embraced in the charge of the higher offence. *Commonwealth* v. *Roby*, before cited; *State* v. *Conley*, 39 Maine, 78.

That the plea *autrefois acquit* or *autrefois convict* constitute a bar to the second indictment, is it necessary that a judgment be rendered in the former case? It is very clear, on principle and authority, that this question should be answered in the negative. After a trial and an acquittal upon an indictment in all respects sufficient, found by a grand jury in attendance upon a court having jurisdiction of the offence, and the result of due and legal proceedings, so that there is a

perfect foundation for a judgment, the jeopardy of the accused has terminated. If the trial upon the same indictment, on the same proceedings, had terminated in a conviction, it was undoubtedly in the power of the prosecuting officer, to enter a *nolle prosequi,* in the exercise of his own discretion. *Commonwealth* v. *Wheeler,* 2 Mass. 172. But the peril, to which the accused was exposed, before and during the trial, ceased upon his conviction. It was then the right of the attorney for the State to move for sentence, and no power, in the least effectual could the convict claim, as his right under the laws of this State, to interpose a valid objection thereto. The jeopardy had passed and was merged in certainty. If he is liable to be tried again for the same alleged offence, under an indictment in all respects similar to the former, he is certainly in the same peril in which he stood before his former trial; for in the case supposed, his position at one time and the other is precisely identical, and the trial may be often repeated.

It is no answer, that he is exposed again only to the like conviction, with the chance of an acquittal. The expense of another trial, with perhaps little or no hope of greater success; the excitement and vexation, which is the almost necessary consequence of such proceedings; the ignominy of a repeated exposure to the public, as one suspected of an infamous crime, may so influence him, that he may regard it as a great misfortune to be again obliged to go through the forms of a trial for a crime of which he has been charged by the grand inquest of the body of the county, and of which he has been convicted by a jury of his peers, who were sworn well and truly to try the issue between the State and himself. But we are not discussing what benefit he may derive from a trial on an indictment, for a charge of which he has been convicted, when he asks for no such benefit; and when it is not easy to perceive that any benefit was intended by others, who were the instruments to bring him to the second trial; but whether he is protected from the jeopardy under constitutional declarations, arising from repeated trials for the same offence.

" The plea of *autrefois convict,* or a former conviction, for the same identical crime, though no judgment was ever given, or perhaps will be, is a good plea in bar to an indictment; and this, for the reason that no man ought to be twice brought in danger of his life for one and the same crime." 4 Bl. Com. 336.

Hawkins, (P. C. b. 2, c. 35, § § 1, 8, 9, 10,) says, " the plea of *autrefois acquit* is grounded on this maxim, that a man shall not be brought into danger of his life for one and the same offence more than once. From whence it is taken in all our books as an undoubted consequence, that when a man is found once not guilty on an indictment or appeal, free from error, and well commenced before any Court which hath jurisdiction of the cause, he may, by the common law, in all cases plead such acquittal in bar of any subsequent indictment or appeal for the same crime." Lord HALE recognizes the same doctrine. 2 Hale's P. C. 181, 220, 249, 250. Mr. Justice STORY says, "the like doctrine, founded on the like maxim, will be found to apply to cases of conviction. And here, to avoid any ambiguity, it may be proper to state, that conviction does not mean the judgment passed upon a verdict; but if the jury find him (the party) guilty, he is then said to be convicted of the crime, whereof he stands indicted." " For there is, in point of law, a difference between the plea *autrefois convict,* and *autrefois attaint,* of the same offence; the former may be where there has been no judgment; the latter is founded upon a judgment." " Thus we see that the maxim is imbedded in the very elements of the common law, and has been uniformly construed to present an insurmountable barrier to a second prosecution, where there has once been a verdict of acquittal, regularly had upon a sufficient indictment." *United States* v. *Gilbert & al.* 2 Sum. 19. And in the case last referred to, it was held, that the prohibition in the constitution of the United States, art. 5, which we are considering, means that no person shall be tried a second time for the same offence, after a trial by a competent and

regular jury, upon a good indictment, whether there be a verdict of acquittal or conviction.

Authorities to the same effect might be adduced further in support of the validity of the plea in bar of the defendant. But they are not found to impugn the doctrines of those which have been referred to, touching the question before us, and they become unnecessary.

*Demurrer overruled; — Plea adjudged good.*

RICE, HATHAWAY, CUTTING, and GOODENOW, J. J., concurred.