STATE OF MAINE

*vs.*

CHARLES F. BARNETTE

Penobscot.   Opinion, April 5, 1962.

*Ian MacInnes,* for state.

*Neil D. MacKerron,*
*Freeman A. Robinson,* for plaintiff.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SULLIVAN, J.    Respondent has excepted to the overruling of his plea of former jeopardy in bar to an indictment accusing him of having unlawfully and carnally known and abused a female child of 12 years of age.    R. S., c. 130, § 10.

Respondent had been adjudged guilty in the Municipal Court of having aided in the delinquency of the child prosecutrix in contravention of R. S., c. 138, § 13-A, Additional; c. 138, § 14; (P. L. 1955, c. 414, §§ 1, 2.)    Sentence had been imposed.    Thereafter the respondent was indicted for statutory rape of the child, interposed his rejected plea and pleaded *nolo contendere.*    He was adjudged guilty and sentenced.

Both convictions were rested upon the same facts, acts and transaction.    The issue is the sufficiency of respondent's plea against the latter prosecution.

Aiding in the delinquency of a minor is a misdemeanor. The legislative act outlawing such subversive evil is notably inclusive and comprehensive.

"Any person who shall be found to have caused, induced, abetted, encouraged or contributed toward the waywardness or delinquency of a child under

the age of 17, or to have acted in any way tending to cause or induce such waywardness or delinquency, shall be punished - - - - "

R. S., c. 138, § 13-A, additional, P. L., 1955, c. 414, § 1.

"In order to find any person guilty of violating the provisions of sections 9, 12 and 13-A, it shall not be necessary to prove that the child is actually in delinquency or distress, provided it appears from the evidence that through any act or neglect or omission of duty or by any improper act or conduct on the part of the accused the distress or delinquency of any child may have been caused or merely encouraged."

R. S., c. 138, § 14, P. L., 1955, c. 414, § 2.

The felony of rape upon a child younger than the age of consent is proscribed as follows:

"Whoever - - - - unlawfully and carnally knows and abuses a female child under 14 years of age shall be punished by imprisonment for any term of years."

R. S., c. 130, § 10.

By definition in the statutes just quoted aiding in the delinquency of a minor is logically and necessarily contained as an ingredient in statutory rape which is uncontrovertibly an improper act causing or encouraging the distress or the delinquency of the child victim. All statutory rape is aid to juvenile delinquency. But all aid to juvenile delinquency is not statutory rape. Evidence sustaining an accusation of statutory rape must incidentally and infallibly prove the offense of aiding juvenile delinquency but proof verifying a complaint of aiding child delinquency will very seldom attain in kind or amount to a justification of the charge of statutory rape.

Sexual intercourse is an indispensable element in the crime of statutory rape. *State* v. *Morin*, 149 Me. 279, 285.

But such carnal knowledge is not requisite for a conviction of the incidental offense of aiding in juvenile delinquency. Statutory rape is aiding juvenile delinquency plus the different criminal factor. Corelatively, statutory rape and aiding child delinquency are the greater and the lesser offenses.

The common law and constitutional prohibition against former or double jeopardy is contained in the Constitution of Maine, Article 1, Section 8:

> "No person, for the same offence, shall be twice put in jeopardy of life or limb."

In *State* v. *Lawrence*, 146 Me. 360, 361, this court said:

> " - - - - The key words in the case at bar are 'for the same offence.' Are the offences the same both in fact and in law, or different? The answer is not found in the fact that the acts of the defendant were the same in both cases or that the charges arose from the same transaction."

In the decided authorities great confusion and diversity of reasoning and judgment are found in the resolving of the complex problem of identity of criminal offenses. A sufficient and random example of such nonconformity in theories and tenets is contained in the note at page 212, volume 12 of *Cornell Law Quarterly*.

The two offenses under deliberation in the instant case are not interchangeably the same. The necessary presence of the fact of carnal knowledge in the greater offense constitutes the disparity. Aiding in juvenile delinquency was apprehended by the Legislature as a category of acts or omissions which while reprehensibly baneful and scandalizing may be condignly punished by fines or jail sentences. Statutory rape, however, has been immemorially regarded by mankind as a most abhorrent crime and is punishable in Maine by imprisonment in the State prison for an unlimited

number of years. For one to consign statutory rape by the characterization of just another species of aiding child delinquency would for all listeners and readers be a vacuous and unintelligible understatement. By practical standards the offenses of aiding child delinquency and statutory rape are distinguishable and not identical. They are not the same offense.

This respondent was tried upon complaint in the municipal court and found guilty of aiding in child delinquency. The charge is classified as a misdemeanor and the court was competent to entertain it unto judgment. The municipal court was never possessed of jurisdiction to adjudge an accusation of statutory rape beyond a determination as to probable cause. The Superior Court was the sole tribunal for the trial of felonies. R. S., c. 145, §§ 1, 5, as amended; c. 146, § 2, as amended. In the municipal court respondent was never placed in jeopardy for statutory rape. *State* v. *Elden*, 41 Me. 165, 170.

*Commonwealth* v. *McCan* (1931), 277 Mass. 199, 178 N. E. 633 is a decision upon the same issue as that of the instant case. The defendant had been tried and found guilty by a municipal court of the misdemeanor of having made an indecent assault upon and having beaten a female child. Later the defendant was indicted for the felony of having assaulted and of having carnally known the same child. The defendant pleaded former jeopardy in bar to the indictment. Both cases concerned the same transaction and acts. The Massachusetts Court held:

"- - - - The precise question, therefore, is whether the conviction of the defendant of the crime of assault and battery in a court having no jurisdiction finally to try or to convict of rape is a bar to a prosecution of the defendant upon the present indictment for the latter crime in a court of competent jurisdiction, the female child and the general event as to time and place being the same in both instances.

"Doubtless an assault is involved as subsidiary and incidental to rape, and an indictment for rape charges substantially and formally an assault and battery; and, under our present statutes, upon an indictment for rape, a defendant, if the proof falls short of the charge of the felony, may be found guilty of simple assault and battery, - - - The two crimes, however, differ radically. An assault and battery is the intentional and unjustified use of force upon the person of another, however slight or the intentional doing of a wanton or grossly negligent act causing personal injury to another. - - - - Rape is the carnal knowledge of any woman above the age of consent against her will, and of a female child under the age of consent with or against her will; its essence is the felonious and violent penetration of the person of the female by the defendant - - - - It is difficult to conceive of two crimes more fundamentally different in nature and distinct in legal character. Assault and battery is and always has been a misdemeanor and may be insignificant in character. Rape was in this commonwealth a capital offense until the enactment of St. 1852, c. 259, § 2, and is still one of the very few crimes punishable by imprisonment for life in the state prison.

" - - - - Any defendant in this plight has it within his own power to protect himself from any danger of being twice put in jeopardy for the same offence. He may plead his former conviction in bar of the assault and battery embraced in the indictment, and 'not guilty' as to the rest of the crime charged. Then, if acquitted of the latter charge, he will have the benefit of his plea in bar and be entitled to a discharge. - - - - *State v. Littlefield, 70 Me. 452,* - - - -

"The principle was succinctly stated in People v. Townsend, 214 Mich. 267, 275, 183 N. W. 177, 180, 16 A. L. R. 902, as follows:

'A conviction in an inferior court of a misdemeanor does not constitute former jeopardy so as to bar subsequent prosecution for a felony arising

out of the same transaction. The felony here charged being beyond the jurisdiction of the inferior court, and not included in any sense within the charge there laid, the defense of former jeopardy fails.' The great weight of authority is to the same effect. - - - -

"We think that on principle a defendant in these circumstances ought not to escape punishment for the grave offence with which he was charged and has been found guilty. To reach that result does not impair the essential protection against double trial for the same offence. The assault of which the defendant was earlier convicted was no essential part of the high felony here charged, but merely an incident. The two crimes were separate and distinct."

*Commonwealth* v. *Mahoney* (1954), 331 Mass. 510, 120 N. E. (2nd) 645 is authoritative upon our immediate issue. The defendant had been charged in the municipal court with assault and battery, with petit larceny and with robbery from the victim's person. He had been adjudged guilty and sentenced for the assault and battery and the petit larceny. No probable cause had been found in the matter of the alleged robbery and the defendant had been discharged upon the robbery complaint. Defendant was later indicted for robbery. The crime for which he was indicted and the offenses of which he had been convicted in the municipal court all arose out of and were parts of the same transaction. Defendant pleaded autrefois convict in bar to the indictment. The court holding the plea invalid said:

"The misdemeanor and the felony were not the same offenses even if they arose out of the same occurrence - - - - - The assault and battery and the larceny of the personal property from Matheson were parts of the robbery from him of the same property. Robbery at common law is a felonious taking of the personal property of another from his per-

son or in his presence, against his will, by the exer-
tion of force actual or constructive - - - - Assault
and a larceny are essential elements of the crime
of robbery. A charge of robbery cannot be sus-
tained if there is no evidence of violence, actual or
constructive, exerted upon the one on whose person
or in whose presence the goods are. Nor can it be
sustained if there is lacking any of the elements
necessary to constitute larceny. - - - - The ques-
tion then is whether the prosecution for the misde-
meanors which were lesser offenses than the felony
but which constituted parts of the greater offense
bars the prosecution for the felony.

"The general rule is that a prosecution for a part of
a single crime which results in a conviction or ac-
quittal of a defendant is a bar to a subsequent
prosecution for another part or the remainder of
the crime. Where a lesser offense is included in a
greater offense, a prosecution for the former bars
a prosecution for the latter - - - -

"The present case does not come within this rule
even if each of the two misdemeanors upon which
the defendant was found guilty comprised an es-
sential part of the felony for which he was subse-
quently convicted. As the Municipal Court did not
have jurisdiction over the offense of robbery, the
defendant was not put in jeopardy until after he
was indicted for this felony. - - - - "

The Ohio Court in *Crowley* v. *State* (1916), 94 Ohio St.,
113 N. E. 658, approved the overruling of a plea of former
jeopardy. The respondent had been convicted in the
mayor's court for the offense of having unlawfully com-
mitted an assault and battery upon the person of the prose-
cutrix and of having unlawfully struck and wounded her.
Subsequently, out of the same affair the respondent was in-
dicted for assault with intent to commit rape. *Inter alia*
the court held:

"In this case, the mayor, concededly limited in his
jurisdiction in criminal matters, was wholly with-

out jurisdiction to try one charged with a felony, and consequently could not have tried plaintiff in error on the charge of assault with intent to commit rape - - - -

"So, in the instant case, before plaintiff in error could be in jeopardy on the charge of assault with intent to commit rape, it must have been in a court with jurisdiction to try the charge."

The presiding justice of the Superior Court in the case at bar properly overruled the respondent's plea of former jeopardy.

*Exceptions overruled.*
*Judgment for the State.*