**STATE of Maine**

v.

**Edward C. CAREY.**

Supreme Judicial Court of Maine.

Nov. 30, 1971.

Foahd J. Saliem, County Atty., Augusta, for plaintiff.

Burton G. Shiro, Waterville, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

17 M.R.S.A. § 859 provides:

"Any person who shall be found to have caused, induced, abetted, encouraged or contributed toward the waywardness or delinquency of a child under the age of 17, or to have acted in any way tending to cause or induce such waywardness or delinquency, * * *."

A Kennebec County jury, after trial, has found by its verdict that the defendant has committed this crime.

Judgment was entered on the verdict and appeal was seasonably taken.

Although many issues are raised by the defendant in this appeal, including an attack on the constitutionality of the statute, we deem it necessary to discuss only the question, "Was the evidence sufficient to permit the jury verdict and judgment entered thereon to stand?"

We answer that it was not.

Evidence was presented which would properly permit the jury to find these facts:

The defendant operated what was known as the "87 Club" in Waterville. Memberships in the Club were sold to young people for 25 cents. A membership card was issued after the new member signed his name in a notebook. The notebook was maintained by the defendant and the cards were issued by him.

The "87 Club" operated in a small room which had formerly been a barroom. Soft drinks were sold to the members. The premises were equipped with booths and had a juke box with records.

Michelle Ann Turmelle and Victoria Ann Coleman, both under the age of 17, were

members of the "87 Club." This fact was unknown to the girls' parents.

On the day in question the Turmelle girl arrived at Waterville High School, where she was a student, at about 7:45 a. m. While she was removing her coat, preparatory to attending classes which commenced at 8 a. m., " * * * one of (her) my girl-friends come (sic) and asked (her) me if I wanted to skip school, so I put back on my coat and we left."

The Coleman girl had left her home that same day and was approaching the school when she was met by a girlfriend and "we decided to skip so we didn't go to school."

When the Coleman girl arrived at "Club 87" she found the door locked. She then knocked on the door and the defendant opened the door for her. She entered the Club and found 12 or 13 other young people, all senior high students, in the room. When the Turmell girl arrived, she too found the door locked. She knocked on the door and the door was opened by Victoria Coleman. She too entered and joined the group of young people who had preceded her there.

Carey remained on the premises for about one hour, during which time he talked with a number of young people present.[1]

After Carey left the premises, the young people, including the Coleman girl and the Turmelle girl remained. Time was spent in listening to the juke box and talking among themselves.

At about 12:30 that afternoon, Carey, the defendant, returned to the premises followed within a few minutes by Michelle Turmelle's mother and Victoria Coleman's mother. When the two parents arrived, the two girls, along with some other girls, went to the basement of the premises to hide.

Carey, the defendant, went to the basement and told the girls to come out of hiding and go to the floor above.

The two mothers took their daughters directly to the police station and made complaint.

Thereafter a complaint for violation of 17 M.R.S.A. § 859 issued in the following tenor:

"That, on or about the 13th day of March, 1969, in the City of Waterville, County of Kennebec, and State of Maine, the above named defendant Edward Carey unlawfully did contribute to the delinquency of certain juveniles, to wit, Michelle Turmelle of the age of 15 years and Victoria Coleman of the age of 16 years, by then and there permitting the said juveniles to remain on the premises under his control at 11 Alden Street, during regular school hours, to wit, during the hours of 10:00 A.M. to 12:30 P.M., the said Edward Carey knowing the said juveniles had not been excused from attending school."

The statute with which we are concerned was premised upon these conclusions:

(a) That children are impressionable;

(b) That it is natural for a child to be influenced by adults with whom he or she comes in contact.

The statute is aimed at acts or omissions of an adult which by their nature, have a tendency to cause or encourage a child to become wayward or delinquent.

Of this statute our Court has said:

"Aiding in the delinquency of a minor is a misdemeanor. The legislative act outlawing such subversive evil is notably inclusive and comprehensive." State v. Barnette, 158 Me. 117, 179 A.2d 800 (1962)

---

1. Interestingly enough the Coleman girl testified that she spent some time studying one of the textbooks she had with and that during this period she asked Carey to help her with her studies.

Later, in the same opinion, our Court said:

"Aiding in juvenile delinquency was apprehended by the Legislature as a category of acts or omissions which while reprehensibly baneful and scandalizing may be condignly punished by fines or jail sentences." 179 A.2d 800, 801.

This statute is but one in a general scheme designed to protect children from adult-created influences which, experience has proved, tend to influence children to become delinquent.

For example, 17 M.R.S.A. § 851 proscribes admitting or allowing any child under the age of 16 years to remain on the premises of any disorderly house, house of ill fame, gambling place or other place injurious to health or morals.

17 M.R.S.A. § 852 prohibits exhibiting children under the age of 16 years or permitting begging.

17 M.R.S.A. § 853 relates to selling firearms, dangerous weapons or ammunition to children.

17 M.R.S.A. § 854 prohibits the selling or giving of air rifles to a child under the age of 14.

17 M.R.S.A. § 855 prohibits selling cigarettes to children under 16 years of age.

17 M.R.S.A. § 856 prohibits the sale of intoxicating liquor to children under the age of 16.

17 M.R.S.A. § 857 prohibits the sale of near beer to minors.

17 M.R.S.A. § 858 prohibits furnishing narcotics to children under 18 except under the circumstances there described.

8 M.R.S.A. § 161 imposes special requirements on persons holding dances at which minors are admitted.

Operators of running races and harness races are given special responsibility toward minors by the provisions of 8 M.R.S.A. § 338 and 8 M.R.S.A. § 278.

The use of pinball machines by minors is regulated by 8 M.R.S.A. § 446, and even the hours roller-skating rinks may be operated are controlled by statute. 8 M.R.S.A. § 602.

These are but examples of the concern for children felt by our Legislators and the means taken to shield children from deleterious influences.

It follows then that in most jurisdictions, including Maine, it is not necessary to establish that the child actually became delinquent or wayward in order to justify a conviction for contributing to the delinquency of the minor.[2]

Indeed, in Maine this is expressly provided by 17 M.R.S.A. § 860:

"In order to find any person guilty of violating sections 853, 856 and 859, it shall not be necessary to prove that the child is actually in delinquency or distress, provided it appears from the evidence that through any act or neglect or omission of duty or by any improper act or conduct on the part of the accused the distress or delinquency of any child may have been caused or merely encouraged."

However, except in those instances in which a duty to act is to be found from the circumstances, or expressly imposed by statute, failure to take affirmative action to prevent delinquency or waywardness in a child cannot serve as the basis for a conviction for violating 17 M.R.S.A. § 859.

As the Court said in Gray v. State, 249 Ind. 523, 233 N.E.2d 468, 469 (1968):

"For one to be guilty of the charge here before us,[3] we consider that more than

---

2. For selection of cases see 18 A.L.R.3d 824.

3. The Indiana statute, Burns' Ann.St. § 10-812, IC 1971, 35-14-1-1, which was

mere presence of the Appellant is required. To satisfy the statutes, we suggest that the contribution must be of an inducive effect; that there must be knowledgeable effort of at least a passive nature which reasonably can be said to be an enticement to do wrong, that is, do the thing prohibited."

In the case before us, so far as the record reveals, there was nothing inherently harmful about the "87 Club."

It was not a place where liquor was sold; it was not a bawdy house; it was not a gambling place or other place injurious to health or morals.

The defendant could not be said to have been in *loco parentis*.

The delinquent act described in the complaint was truancy. While from the evidence, the jury was clearly warranted in concluding the defendant knew that the children were absent from school without permission or good reason, there is nothing in the record to show he was under any legal obligation or duty to remove the children from his premises during the school hours.

Certainly from the evidence, it must be concluded he did nothing to persuade the Turmelle child or the Coleman child to "skip school" that day.

The defendant is not accused of doing any affirmative act. His failure to affirmatively act to remove or exclude the minors from the premises which he controlled did not constitute a violation of 17 M.R.S.A. § 859 under the circumstances here disclosed.

As a matter of law, the evidence is insufficient to support the finding of guilty.

It was error for the Presiding Justice to have denied the defendant's Motion for Judgment of Acquittal at the close of the evidence in the case.

The entry must be,

Appeal sustained.

All Justices concurring.

---

there under discussion reads, in part, as follows:

"It shall be unlawful for any person to cause or encourage any boy under the full age of eighteen [18] years, or any girl under the full age of eighteen [18] years, to commit any act which would cause such boy or girl to become delinquent child as defined by the laws of this state; * * *"