**STATE of Maine**

**v.**

**Gregory GAGNE.**

Supreme Judicial Court of Maine.

Sept. 13, 1976.

Frank Harding, Dist. Atty., Rockland, John D. Clifford, IV, Law Student, for plaintiff.

Robert J. Levine, Rockland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK and ARCHIBALD, JJ.

PER CURIAM.

This appeal results from the denial of a motion for judgment of acquittal.

We deny the appeal.

Appellant attacked the sufficiency of the indictment[1] in the Superior Court. After a ruling adverse to him, he saved the point on appeal and now urges it upon us. There [in the Superior Court] and here, he contends the indictment fails to allege that the Superior Court has jurisdiction of the offenses of robbery from the person, assault (high and aggravated), armed robbery, and armed assault. It was for all of these offenses, it is established by stipulation, that appellant had been convicted and sentenced to the Main State Prison, which sentences he was serving at the time of his escape.

This complaint is patently without merit.

By the provisions of 4 M.R.S.A. § 105 the Superior Court is vested with exclusive original jurisdiction[2] over all the offenses of which appellant was convicted. *State v. Barnette,* 158 Me. 117, 121, 179 A.2d 800, 802 (1962). The sentences resulting from such convictions he was serving at the time of his escape.

■ It was unnecessary to allege in the indictment that the Superior Court had jurisdiction of the offenses.

The agreed statement establishes that the appellant had been indicted in Kennebec County for the crime of assault with intent to kill. A writ of habeas corpus ad prosequendum was issued by a Superior Court justice directing that appellant be brought from the prison to the Superior Court to answer to this indictment. Acting in obedience to this order of the Superior Court, a deputy sheriff from Kennebec County traveled to Thomaston, received the prisoner, and returned with him to that court. An arraignment took place and the prisoner was ordered remanded to the Maine State Prison. While the deputy sheriff was escorting the prisoner from the courthouse to the county jail, from which he was to be transported to the prison pursuant to the remanding order, appellant escaped from the officer. He was recaptured shortly thereafter. An indictment charging him with escape from Maine State Prison resulted.

■ At all times, the underlying and continuous custody of appellant was in the

---

* Weatherbee, J., sat at argument and participated in consultation but died prior to adoption of opinion.

1. "THE GRAND JURY CHARGES:
"On or about the 12th day of June, 1974, in the County of Knox, State of Maine, Gregory Gagne, while then and there lawfully imprisoned in the Maine State Prison at Thomaston, pursuant to a sentence of from 5 to 10 years, imposed by Albert Knudsen, Justice of the Kennebec County Superior Court on February 9, 1973, for the offense of Robbery from the Person; and pursuant to a sentence of from 2½ to 5 years, imposed by Albert Knudsen, Justice of the Kennebec County Superior Court on February 9, 1973, for the offense of Assault, High and Aggravated; and pursuant to a sentence of from 7½ to 15 years, imposed by Ian MacInnes, Justice of the Kennebec County Superior Court on March 28, 1974, for the offense of Armed Robbery; and pursuant to a sentence of from 7½ to 15 years imposed by Ian MacInnes, Justice of the Kennebec County Superior Court on March 28, 1974, for the offense of Armed Assault and while on an escorted departure under Court order, from the said Maine State Prison to Augusta, County of Kennebec, State of Maine, did unlawfully escape from such lawful imprisonment and go at large.
"A TRUE BILL,"

2. The one exception is that the Superior Court has concurrent jurisdiction with the District Court to receive pleas of guilty in felony cases in which the defendant has in writing waived his right to indictment by grand jury and his right to appearance and trial in the Superior Court, and has indicated his intention to enter a plea of guilty to the charges pending against him. This concurrent jurisdiction in this single instance arises by virtue of 4 M.R.S.A. § 152.

Maine State Prison. That he was not within the physical confines of the institution, but rather was being transported to and from the prison in the custody of a deputy sheriff acting responsively to an order of the Superior Court, does not change the legal result. In legal contemplation he is considered to have escaped from the institution. *State v. Campbell*, Me., 314 A.2d 398 (1974).

The entry must be:

Appeal denied.

All Justices concurring.

DELAHANTY, J., did not sit.