**STATE of Maine**

v.

**Ricky WAUGH.**

Supreme Judicial Court of Maine.

Argued Sept. 16, 1982.

Decided Oct. 21, 1982.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Marshall T. Cary (orally), Bangor, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

VIOLETTE, Justice.

On May 4, 1981, defendant, Ricky Waugh, was indicted in Superior Court (Penobscot County) for the offense of Class C escape, in violation of 17–A M.R.S.A. § 755 (Supp. 1982).[1] He was tried before a jury and found guilty as charged. On appeal, defendant presses two contentions: (1) the trial court erred by refusing to instruct the jury on Class D escape, 17–A M.R.S.A. § 755(4)(B) (Supp.1982); and (2) the trial court erred by sustaining objections to certain questions asked on cross-examination of a State's witness. We deny defendant's appeal from the judgment of conviction.

On January 9, 1981, defendant was committed to the Penobscot County Jail pursuant to a Superior Court order for inability to furnish bail. On April 17, 1981, while still in custody under that order, he was taken to District Court by a deputy sheriff pursuant to a bench warrant issued for failure to pay fines relating to traffic offenses. The District Court Judge found defendant unable to pay the fines and he was ordered remanded to the county jail. While the remanding order was being prepared, the officer allowed defendant to go to the restroom. Defendant subsequently escaped and was not recaptured for some time thereafter.

Defendant first argues that the trial court erred by refusing his request to instruct the jury on Class D escape. We initially note that Class D escape is not a "lesser included offense" of Class C escape.[2]

---

1. 17–A M.R.S.A. § 755(1) provides that "a person is guilty of escape if, without official permission, he intentionally leaves official custody, or intentionally fails to return to official custody following temporary leave granted for a specific purpose or a limited period." As relevant to this case, section 755(3) defines "official custody" as "arrest, custody in or on the way to jail ... or any custody pursuant to court order." Section 755(4) then provides the following sentencing classification: "Escape is classified as: A. A Class B crime if it is committed by force against a person, threat of such force, or while the defendant is armed with a dangerous weapon; B. A Class D crime if the person escapes from custody while he is being transported to a jail, police station or any other facility enumerated in subsection 3, pursuant to an arrest, unless the escape is committed in the manner described in Paragraph A. C. A Class C crime for all other escapes."

2. 17–A M.R.S.A. § 13–A(2)(A) defines a "lesser included offense" as one which "legally defined, must necessarily be committed when the offense ... charged, as legally defined, is committed." "Alternative offenses" can also meet the definition of lesser included offenses set out in section 13–A(2)(A). An "alternative" is defined as follows: "Facts which are a basis

Therefore, an instruction on Class D escape would be warranted only if the several requirements of 17–A M.R.S.A. § 13–A(3) (Supp.1982) are met. *State v. Giglio,* Me., 441 A.2d 303, 310 (1982). Section 13–A(3) provides:

> The court in its discretion may instruct the jury to consider, or may as factfinder consider, any other offense or another alternative of the offense charged, although that other offense or alternative is not a lesser included offense, if:
>
> A. On the basis of the evidence there is a rational basis for finding the defendant guilty of the other offense;
> B. The other offense does not carry a greater penalty than the offense charged;
> C. Both the State and the defendant consent to the consideration of the other offenses by the factfinder; and
> D. The defendant waives any applicable right to an indictment for the other offense. . . .

We find that the requirements were not met in this case.

■ First, to have warranted an instruction on Class D escape, the evidence would have to rationally support a finding that defendant escaped "from custody while . . . being transported to a jail . . . pursuant to arrest." 17–A M.R.S.A. § 755(4)(B) (Supp. 1982). The evidence clearly failed to support such a finding. At all times, the underlying and continuous custody was in the county jail. *State v. Gagne,* Me., 363 A.2d 733, 734–35 (1976). That custody was pursuant to a Superior Court order. This status did not change while the prisoner was being transported to and from the District Court by the deputy sheriff. Second, the State did not consent to consideration of Class D escape. Accordingly, the trial court properly refused to instruct the jury on the offense of Class D escape.

Defendant also contends the trial justice erred by sustaining objections to certain cross-examination questions propounded by

for sentencing classification of either the crime charged or the lesser crime shall be considered alternatives of those crimes." *Id.* Subsections

defense counsel to the deputy sheriff. At trial, defense counsel asked: "Be fair to say, wouldn't it, that you really turned your back on him and allowed him to go where he wished in the courthouse." The trial justice sustained the prosecutor's objection to the form of the question. Soon thereafter the following colloquy occurred:

Q Now, Mr. Higgins, on that day at the District Court did you grant Mr. Waugh temporary leave from your custody for any specific purpose?

A To go to the bathroom and back, that's about all.

Q You granted him permission to go to the bathroom, but was that—

[THE PROSECUTOR]: Your Honor, I object to that question, I think it calls for a legal conclusion.

THE COURT: You're correct. I'll sustain the objection on that ground.

Ladies and gentlemen, at some point I'm going to explain the technical meaning of that language to you. It is not for Deputy—former Deputy Higgins to explain the law.

Defendant claims this prevented him from fully exploring the circumstances surrounding the escape.

■ We find that the trial justice erred by sustaining these objections. There is nothing improper about the form of the first question and defense counsel did not even get a chance to ask the second question. However, the error was harmless. After the trial justice sustained the objections, defense counsel rephrased his questions to elicit answers. Even if he had not rephrased his questions, his ability to explore the surrounding circumstances would not have been limited because the objections went to the form of the questions and not to the content.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

13–A(2)(B) and (C) provide other definitions of a lesser included offense not pertinent here.